**Kevin HALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–02–00334–CR.**

Court of Appeals of Texas, San Antonio.

Oct. 22, 2003.

Publication Ordered Feb. 9, 2004.

Discretionary Review Refused March 10, 2004.

Suzanne M. Kramer, David E. Wheeler, Wheeler & Ruiz, P.C., San Antonio, for appellant.

Alan E. Battaglia, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice KAREN ANGELINI, Justice PHYLIS J. SPEEDLIN, Justice.

## MEMORANDUM OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

Kevin Hall ("Hall") appeals his conviction for criminal solicitation of a minor. The conviction is a result of on-line chats which occurred between Hall and undercover police officers posing as a fourteen-year-old girl named Chassidy. Hall raises six issues on appeal. We overrule these issues, and affirm the trial court's judgment.

### BACKGROUND

The evidence at trial reflects that Hall engaged in on-line communications and a telephone conversation with Chassidy over a period of two days in May 2001. Hall told Chassidy that his name was Douglas. Unbeknownst to Hall, Chassidy was actually three undercover police officers with the San Antonio Police Department who were investigating the solicitation of children for sex over the Internet. Detective Kevin Matheny posed as Chassidy in an on-line chat. Detective Scott Poth assisted Detective Matheny in his communications with Hall. Officer Lisa Morales posed as the voice of Chassidy on the telephone. Officer Morales also provided pictures of herself as a teenager which were sent to Hall during their on-line communications. Hall's communications with Chassidy were of a sexual nature, and ended when the two agreed to meet in the parking lot of a San Antonio grocery store for the purpose of having a sexual encounter. Hall was arrested when he arrived to meet Chassidy in San Antonio. After the arrest, SAPD officers determined that Hall was from Marble Falls, Texas in Burnet County and had communicated with Chassidy while in Marble Falls.

### 1. Admissibility of Oral Statement

In his first issue, Hall contends his oral statement given to police after he was arrested should have been suppressed because he did not affirmatively and knowingly waive his rights under article 38.22, section 2 of Texas Code of Criminal Procedure and his oral statement was not recorded as required by article 38.22, section 3 of the Texas Code of Criminal Procedure. Constitutional error in the admission of evidence must be preserved by a timely and specific objection, followed by an adverse ruling. TEX.R.APP. P. 33.1(a); see Saldano v. State, 70 S.W.3d 873, 889 (Tex.Crim.App.2002); Little v. State, 758 S.W.2d 551, 564 (Tex.Crim.App.1988). This rule extends to the admission of a statement made by a defendant. Little, 758 S.W.2d at 564. Additionally, the rule that an error presented on appeal must be the same as an objection raised at trial applies with equal force to constitutional violations. Id.

Hall filed a motion to suppress asserting, in part, that his statement should be suppressed because it was obtained in violation of article 38.22 of the Texas Rules of

Criminal Procedure. At trial, in a hearing outside the presence of the jury, Hall objected to the admission of his oral statement on the grounds that the rights warning card read to him when he was arrested did not adequately comply with article 38.22 of the Texas Code of Criminal Procedure. Specifically, Hall stated that the rights warning card did not explain that his statements could be used against him, that he had "a right to have a lawyer appointed to advise him prior to and during any questioning by the police," and that he had the right to terminate the interview. The trial court overruled the objection.

On appeal, Hall now asserts that he did not affirmatively and knowingly waive his rights and that his oral statement was not recorded. Because Hall's issues on appeal are not the same as his objections raised at trial, the issues are not properly preserved for review. *See Little*, 758 S.W.2d at 564; *see also Braddock v. State*, 5 S.W.3d 748, 756 (Tex.App.-Texarkana 1999, no pet.) (overruling appellant's contention that his statement was not properly recorded as required by Article 38.22 because it did not comport with the objection raised to the trial court). We overrule Hall's first issue.

### 2. Seizure of Computer

■ In his second issue, Hall contends the trial court erred in allowing the admission of the computer used by him at his workplace in Marble Falls because it was illegally seized. Specifically, Hall argues law enforcement did not have a warrant and his employer did not have authority to give consent to seize the computer.

In his motion to suppress, Hall sought to suppress, in part, any physical evidence obtained as a result of his unlawful arrest as being the fruit of an illegal arrest. At a pre-trial hearing, defense counsel indicated that Hall was moving to suppress the com-

puter. At a hearing outside the presence of the jury during trial, Hall questioned Detective Matheny regarding whether a warrant to seize the computer had been procured prior to its seizure. After questioning Detective Matheny, Hall asserted that an "insufficient foundation" had been laid for the computer. Later, at trial, however, Hall affirmatively waived any objection to the computer. When the State sought to admit the computer into evidence as State's Exhibit # 10, the following exchange occurred:

> [State's counsel]: The State moves to introduce State's Exhibit 10 at this time.
>
> [Defense Counsel]: Your Honor, as we spoke [sic] the housing, but, of course, not the contents therein. Absolutely no objection.

The trial court admitted the computer into evidence. Hall's "no objection" response waived his claim to challenge the admissibility of the computer on appeal. *See Moody v. State*, 827 S.W.2d 875, 889 (Tex. Crim.App.1992). Accordingly, we overrule Hall's second issue.

### 3. Hall's Right to Present a Defense

■ In his fourth issue, Hall asserts that the trial court erred in excluding the expert testimony of Dr. Harry Croft, a board certified psychiatrist, and denying him the right to cross-examine Officer Morales on certain topics. With respect to his first argument, Hall misconstrues the record. With respect to his second argument, the trial court properly sustained the State's objection to Hall's cross-examination questions on the basis of speculation.

At the pre-trial hearing, Hall informed the trial court that he sought to have Dr. Croft testify as to various psychological diagnostic tests and whether Hall exhibited normal sexual propensities. The trial court made clear that it was not address-

ing the admissibility of this testimony at the pre-trial hearing. After listening to additional arguments from both sides, the trial court ruled that he was only limiting defense counsel's ability to reference this evidence during voir dire and opening statements. According to the trial court, all matters relating to the admissibility of Dr. Croft's testimony would be taken up at some later point in time. Therefore, the trial court ruled that the admissibility of Dr. Croft's testimony would be taken up during trial. At the guilt-innocence phase, after the State rested its case, Hall informed the trial court that he did not intend to go forward with Dr. Croft's testimony "at this time." The next day, Hall rested his case without calling a witness. Thus, for purposes of the guilt-innocence phase of trial, the record reflects that the trial court did not deny the admission of Dr. Croft because Dr. Croft was never offered as a witness.

The admissibility of Dr. Croft's testimony also arose at punishment. The record reflects that the trial court did not permit Dr. Croft to specifically testify that Hall would be a good candidate for probation. Dr. Croft, however, was permitted to testify as to various matters including Hall's sexual propensities. Dr. Croft testified that he believed it was significant that Hall believed Chassidy was a "mature adolescent." Taking into account this belief and the lack of child pornography found on Hall's computer, Dr. Croft concluded that Hall would be amenable to treatment. He testified he would have been much more concerned "if [Hall] were a pedophile; that is, someone who was more likely to be a predator of young children rather than adults or[,] for that matter, have an interest in more mature appearing adolescents." Dr. Croft also testified that it was normal for males to be aroused by girls who are mature adolescents. Based on his evaluation, Dr. Croft did not find anything

to indicate that Hall was not in the normal range for males. The record at punishment, therefore, reflects that Dr. Croft was able to testify to Hall's normal sexual propensities.

■ Hall also argues that the trial court erred in denying him the right to cross-examine Officer Morales by asking her to speculate as to what Hall was thinking when he first saw her in the grocery store parking lot. Rule 701 of the Texas Rules of Evidence permits a lay witness to testify as to his or her opinions which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his or her testimony or the determination of a fact in issue. Tex.R. Evid. 701. A lay witness cannot testify as to what a person is thinking because the actual subjective mental state of an actor can never be based on personal knowledge. *See Fairow v. State,* 943 S.W.2d 895, 898–99 (Tex.Crim.App.1997). Hall's questions on cross-examination specifically asked Officer Morales what Hall was thinking. We hold the trial court properly sustained the State's objections based on speculation. *See id.* Hall's fourth issue is overruled.

## 4. Venue

■ In his third issue, Hall complains that the trial court erred in denying his motion for directed verdict on the basis that the State failed to prove venue, thus rendering its case legally insufficient.

In criminal cases, venue need only be proven by a preponderance of the evidence. *Black v. State,* 645 S.W.2d 789, 790 (Tex.Crim.App.1983); *Creekmore v. State,* 860 S.W.2d 880, 889 (Tex.App.-San Antonio 1993, pet. ref'd). Venue can be established by either direct or circumstantial evidence. *Black,* 645 S.W.2d at 790. For purposes of the offense of criminal solicitation of a minor, the proper county for prosecution is

the county in which the offense occurred. *See* Tex.Code Crim. Proc. Ann. art. 13.18 (Vernon 1977) (stating that where venue is not specifically stated, the proper county for prosecution is that in which offense occurred); Tex. Pen.Code Ann. § 15.031 (Vernon 2003); *see also Tucker v. State,* 751 S.W.2d 919, 924 (Tex.App.-Fort Worth 1988, pet. ref'd) (stating that venue in a criminal solicitation of murder case is guided by article 13.18).

Hall was indicted for criminal solicitation of a minor to commit indecency with a child and sexual assault. As applied to this case, criminal solicitation of a minor occurs when a person, with the intent that sexual assault or indecency with a child be committed, requests, commands, or attempts, to induce a minor to engage in specific conduct, that under the circumstances surrounding the actor's conduct, as the actor believes them to be, would make the minor a party to the commission of indecency with a child or sexual assault. *See* Tex. Pen.Code Ann. § 15.031(a) (Vernon 2003); *Ex parte Hulin,* 31 S.W.3d 754, 760 (Tex.App.-Houston [1st Dist.] 2000, orig. proceeding). The evidence reflects that Hall's sexual comments, his request to meet Chassidy for sex in either his truck or motel room, and his concern that they not get caught given her age, were transmitted from his computer at his office in Marble Falls, Burnet County, Texas. Hall also called Chassidy from Burnet County. In his telephone conversation with her, Hall discusses their meeting, indicates he knows she is sexually inexperienced, and requests Chassidy to wear something "sexy." Hall's communications were received by SAPD officers, posing as Chassidy, in the SAPD vice office in Bexar County. Ultimately, Hall was arrested in the parking lot of a San Antonio grocery store which was the location where he had agreed to meet Chassidy. The evidence establishes that the elements of criminal solicitation of a minor occurred in two counties, Bexar County and Burnet County. Thus, venue was proper in either Burnet County or Bexar County. *See Wood v. State,* 573 S.W.2d 207, 210–211 (Tex.Crim. App.1978) (holding that article 13.18 of the Texas Code of Criminal Procedure can be construed as recognizing that a crime can occur in more than one county). Under these circumstances, the trial court did not err in denying Hall's motion for directed verdict. *See id.* We overrule Hall's third issue.

### 5. Legal and Factual Sufficiency

■ Finally, in his fifth and sixth issues on appeal, Hall contends the evidence is legally and factually insufficient to support his conviction for criminal solicitation of a minor. Specifically, Hall contends there is no actual evidence, beyond "mere speculation," supporting his illegal intent. He asserts that in internet crime cases "[m]uch care should be given when attempting to determine the intent of someone who is engaging in anonymous 'role playing.'" Because he was role-playing, Hall contends that the State did not establish that he exhibited the necessary intent to commit criminal solicitation of a minor.

We review Hall's two issues under the well-known standards of review for legal and factual sufficiency. *Vasquez v. State,* 67 S.W.3d 229, 236 (Tex.Crim.App.2002) (stating the standards of review for legal and factual sufficiency).

Hall was indicted for two counts of criminal solicitation of a minor. One count indicted Hall for criminal solicitation with the intent to commit indecency with a child. The second count indicted Hall for criminal solicitation with the intent to commit sexual assault. The jury was instructed on both counts and was instructed on the definitions of "intentionally" and "knowingly." The jury found Hall guilty

of criminal solicitation as charged in the indictment.

In a sufficiency review, the jury's inference of intent is afforded more deference than the evidence to support proof of conduct. *Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App.2000). "Mental culpability is of such a nature that it generally must be inferred from the circumstances under which a prohibited act or omission occurs." *Moore v. State*, 969 S.W.2d 4, 10 (Tex.Crim.App.1998). Because mental states, such as intent, are concealed within the defendant's own mind, mental state is almost always inferred from the defendant's words, acts, or conduct. *See id.*

The jury heard the conversations which occurred between Hall and Chassidy both on-line and on the telephone. Hall initiated the on-line chat with Chassidy and asked how old she was. She informed him that she was fourteen years-old. He made statements regarding her sexual experience being limited given her age. Hall asked Chassidy if she would want an older man to show her how to have sex. He initiated the idea of their meeting to have "some fun." He found it intriguing and exciting to think he was her first lover. Hall asked Chassidy about her mother, her mother's work, when her mother would be home, whether her mother could access her e-mail, what her father did, and whether she would be able to get out of the house to meet him for a sexual encounter. After receiving Officer's Morales pictures, Hall stated that he liked them. Hall also communicated to Chassidy that it was risky for him to be engaging in sex with a fourteen-year-old. He specifically asked Chassidy if she were aware that what they planned on doing was illegal and that he could get into a lot of trouble. Hall explained to Chassidy that they would have to be careful when they met. Hall then traveled from Marble Falls to San Antonio to meet Chassidy at an agreed location.

Viewing this evidence in the light most favorable to the prosecution, we hold that the jury could have found that Hall exhibited the requisite intent to engage in criminal solicitation of a minor beyond a reasonable doubt. *See Vasquez*, 67 S.W.3d at 236; *see also Margraves*, 34 S.W.3d at 919 (stating that an appellate court need not find to its own satisfaction that such was appellant's intent only that it find that any rational jury could have found the appellant's intent beyond a reasonable doubt).

Hall rested his case without calling any witnesses in his favor. Thus, the only evidence at the guilt-innocence phase to support his contention of role-playing was obtained on cross-examination of SAPD officers. Detective Matheny knew that Hall was not role-playing when Hall arrived at the grocery store parking lot in San Antonio. Detective Poth testified that it is common for people to engage in fantasy and role play. It is not common, however, for such individuals to show up at a meeting place. Similarly, Officer Morales testified that it could be possible that a person would be "intensifying a sexual fantasy" on-line or role playing. Viewing all the evidence in a neutral light, we cannot say the evidence supporting the jury's finding is so obviously weak as to render the conviction clearly wrong and manifestly unjust, or that the finding of intent is greatly outweighed by the weight of contrary evidence as to render the conviction clearly wrong and manifestly unjust. *See Vasquez*, 67 S.W.3d at 236. We overrule Hall's fifth and sixth issues.

## CONCLUSION

For the reasons stated in this opinion, we overrule Hall's six issues on appeal. The judgment of the trial court is affirmed.