# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00249-CR

**Anthony Mark Schemm, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-04-811, HONORABLE RONALD G. CARR, JUDGE PRESIDING

## O P I N I O N

A jury convicted appellant Anthony Mark Schemm of attempted sexual performance by a child, assessed punishment at ten years' imprisonment, and recommended that he be placed on community supervision. *See* Tex. Penal Code Ann. § 15.01 (West 2003), § 43.25 (West Supp. 2006). The district court rendered judgment accordingly. In his only point of error, appellant contends that the State failed to prove that venue in Hays County was proper. We will overrule this contention and affirm the judgment of conviction.

The relevant facts are undisputed. Appellant, using the computer in his Williamson County residence, engaged in a series of sexually explicit internet chat room conversations with an undercover investigator posing as a thirteen-year-old girl named "Jessie." The investigator and his computer were located in Travis County. Eventually, "Jessie" agreed to engage in sexual intercourse

with appellant, and they arranged to meet in a restaurant parking lot in Hays County. Appellant was arrested at that location when he arrived at the agreed time driving the vehicle he had described to "Jessie." Officers found a digital camera and condoms in appellant's vehicle.

Appellant does not question the State's proof that he attempted to induce a child younger than eighteen years of age to engage in sexual conduct. Rather, he contends that the State failed to prove that the offense was committed in Hays County as alleged. Appellant raised the venue issue in an unsuccessful motion for directed verdict at the close of the State's evidence.

Appellant has framed his point of error as a challenge to the sufficiency of the evidence to sustain the conviction. However, venue is not a constituent element of the offense charged, and the failure to prove venue does not negate the guilt of the accused. *State v. Blankenship*, 170 S.W.3d 676, 681 (Tex. App.—Austin 2005, pet. ref'd). Venue need only be proved by a preponderance of the evidence. Tex. Code Crim. Proc. Ann. art. 13.17 (West 2005). Reversible error may result from the failure to prove venue as set forth in the charging instrument. *Blankenship*, 170 S.W.3d at 681.

When, as here, there is not a special venue statute applicable to the charged offense, the proper venue for the prosecution is the county in which the offense was committed. Tex. Code Crim. Proc. Ann. art. 13.18 (West 2005). Appellant argues that the attempted inducement took place during the online conversations that occurred while appellant was in Williamson County and the undercover officer was in Travis County. Appellant urges that "nothing happened in Hays County other than the fact that [he] drove there and was arrested there." He asserts that the act of driving to Hays County was mere preparation and did not constitute a criminal act.

2

The State argues that appellant's contention is answered by article 13.19, which provides that when it cannot be determined within which county the offense was committed, the defendant may be tried in the county in which he resides, the county in which he was apprehended, or the county to which he was extradited. *Id*. art. 13.19. We believe, however, that article 13.19 does not apply in this case because the county—or in this case, the counties—in which the offense was committed can be determined. Under the facts shown, the trial was properly held in Hays County pursuant to article 13.18.

The conduct for which appellant was prosecuted can be divided into two parts. First, appellant communicated over the internet with the undercover officer posing as "Jessie." During these conversations, appellant expressed his desire to engage in sexual intercourse with "Jessie," who he believed was a thirteen-year-old girl. The second part was appellant's driving to the agreed-upon meeting place. This conduct was corroborative action that confirmed his criminal design and was, under the circumstances, a part of appellant's attempted inducement of "Jessie." Under article 13.18, when conduct constituting a single offense is committed in more than one county, venue is proper in any of those counties. *State v. Weaver*, 982 S.W.2d 892, 893 (Tex. Crim. App. 1998); *Wood v. State*, 573 S.W.2d 207, 210 (Tex. Crim. App. 1978). In the cause before us, part of appellant's conduct constituting the offense of attempted sexual performance of a child occurred in Hays County. Therefore, Hays County was a proper venue for appellant's trial.

Appellant argues that the act of driving to Hays County was mere preparation and did not amount to a criminal act because he still had the opportunity to abandon the plan. This argument would be equally applicable to his internet conversations with "Jessie," and it would be equally

3

mistaken. By definition, an attempt involves conduct that falls short of achieving the intended criminal objective, and therefore abandonment of the objective is always possible. *See* Tex. Penal Code Ann. § 15.04 (West 2003) (renunciation defense). By arranging to meet "Jessie" for the purpose of sexual intercourse and then driving to the meeting place at the appointed time, appellant took every possible step he could have taken under the circumstances to commit the offense of sexual performance by a child. *See Smith v. State*, Nos. 03-05-00399-CR & 03-05-00400-CR, 2006 Tex. App. LEXIS 2062, at *15-17 (Tex. App.—Austin Mar. 16, 2006, pet. ref'd) (not designated for publication) (affirming conviction for attempted sexual performance by a child). Appellant's assertion that the act of driving to Hays County did not constitute a part of the alleged offense is without merit.

The point of error is overruled and the judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: June 19, 2007

Publish