TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00421-CR






Ex parte Matthew W. Denison






FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT

NO. 10,962A, HONORABLE TERRY L. FLENNIKEN, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Matthew W. Denison pleaded guilty to the offense of criminal solicitation of a minor. 
See Tex. Penal Code Ann. § 15.031 (West Supp. 2007). The district court assessed punishment
at ten years' imprisonment, but suspended imposition of the sentence and placed Denison on
probation for ten years. In this post-conviction habeas corpus proceeding, Denison alleges
ineffective assistance of counsel during the plea process. See Tex. Code Crim. Proc. Ann. art.
11.072 (West 2005). We will affirm the district court's order denying habeas relief.


STANDARD OF REVIEW

 An appellate court reviewing a trial court's ruling on a habeas claim must review the
record evidence in the light most favorable to the trial court's ruling and must uphold that ruling
absent an abuse of discretion. Kniatt v. State, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). We
afford almost total deference to the trial court's determination of the historical facts that are
supported by the record, especially when the fact findings are based on an evaluation of credibility
and demeanor. Ex parte Amezquita, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). We afford the
same amount of deference to the trial court's application of the law to the facts, if the resolution
of the ultimate question turns on an evaluation of credibility and demeanor. Ex parte Peterson,
117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), overruled on other grounds by Ex parte
Lewis, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007). If the resolution of the ultimate questions
turns on an application of legal standards, we review the determination de novo. Id.

 To establish ineffective assistance of counsel, Denison must show that (1) counsel's
performance was deficient and fell below an objective standard of reasonableness, and (2) counsel's
deficient performance resulted in prejudice to the defense. See Strickland v. Washington, 466 U.S.
668, 687-691 (1984). To prevail on an ineffective assistance claim in a guilty plea case, a defendant
must demonstrate that counsel's advice was not within the range of competence demanded
of attorneys in criminal cases and, but for counsel's errors, the defendant would not have
pleaded guilty and would have insisted on going to trial. Ex parte Moody, 991 S.W.2d 856, 857-58
(Tex. Crim. App. 1999); Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). Our
review of counsel's performance must be highly deferential, and there is a strong presumption that
counsel's conduct fell within the wide range of reasonable professional assistance. Andrews v. State,
159 S.W.3d 98, 101 (Tex. Crim. App. 2005); Ex parte Balderrama, 214 S.W.3d 530, 533
(Tex. App.--Austin 2006, pet. ref'd). We seek to "eliminate the distorting effects of hindsight,
to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct
from counsel's perspective at the time." Strickland, 466 U.S. at 689. Any allegation of
ineffectiveness must be "firmly founded" in the record. Thompson v. State, 9 S.W.3d 808, 813
(Tex.Crim. App. 1999).

ANALYSIS

 In his sole point of error on appeal, Denison asserts that he received prejudicially
ineffective representation during the plea process which rendered his plea involuntary. Specifically,
Denison asserts that "all elements of the offense" occurred in Travis County. Therefore, according
to Denison, venue in Bastrop County was improper. Denison contends that if counsel had advised
him of this "venue defense," he would not have pleaded guilty.

 When a defendant challenges the voluntariness of a plea as a result of ineffective
assistance, our analysis depends on whether counsel's advice was within the range of competence
demanded of attorneys in criminal cases and, if not, whether there is a reasonable probability that,
but for counsel's errors, he would not have pleaded guilty and would have insisted upon a trial on
the merits. Moody, 991 S.W.2d at 857-58. Like other types of ineffective assistance claims,
appellant has the burden to demonstrate that counsel's performance fell below a reasonable standard
of competence and that, had appellant been properly advised, he would have, with reasonable
probability, pleaded not guilty and insisted on a trial. See id.

 At the habeas hearing, when asked if he would have "chosen to pursue a venue issue"
at trial "if counsel had told him that he had a plausible defense of insufficient venue," Denison
testified, "Yes." However, on cross-examination, the State elicited the following testimony
from Denison:


Q: With regard to what you're on probation for, you were also indicted for
attempted sexual assault of a child; is that correct?


A: Correct.


. . . .


Q: And you were also indicted for attempted sexual performance by a child,
correct?


A: Yes.


. . . .


Q: And as part of your plea agreement you received consideration to the extent
that attempted sexual assault of a child and attempted sexual performance of
a minor were dismissed; is that correct?


A: Correct.


Q: And you also received consideration for your plea that you weren't given
penitentiary time; you instead received probation and some county time,
correct?


A: Correct.


Q: So given the fact that you were receiving such consideration, venue wouldn't
have mattered to you at that point, would it have?


A: It would--


Q: The fact that pen time was taken off the table and those other two offenses
were dismissed at your request as being part of the plea agreement?


A: The reason I made a guilty plea is because [counsel] said that I did not have
a defense in this case.


Q: Are you aware that [counsel] is board certified in criminal law?


A: Yes.


Q: And are you aware that [counsel] has a reputation for being an outstanding
criminal defense attorney, not only in Bastrop County but in Travis County
as well?


A: Yes.


Q: And are you aware that [counsel] has handled cases like this before?


A: Yes.


Q: And . . . you're aware that he has experience in counseling defendants with
these types of matters?


A: Yes.


Q: And you testified that you spent time talking with [counsel] about possible
defenses that you may or may not have in this case, correct?


A: Correct.


Q: And [counsel] did not mention any kind of venue issue to you, did he?


A: No, he did not.


Q: But he did mention other issues that could potentially be--come into play in
this case, correct?


A: Yes.


Q: But not venue.


A: Correct.


Q: Isn't the real reason that we're here is because you don't want to be on
probation any more?


A: Obviously, no, I do not want to be on probation any more.


 Denison's trial counsel also testified at the hearing and explained why he did not
discuss a possible venue defense with Denison. Counsel testified that he believed, although Denison
communicated with the minor in Travis County, Denison's act of driving to Bastrop County "to meet
and potentially have sex" with a minor "certainly conveyed venue in Bastrop County."

 Viewing the above record evidence in the light most favorable to the district court's
ruling, we cannot conclude that the district court abused its discretion in denying Denison habeas
relief based on his claim of ineffective assistance of counsel.

 First, there is evidence from which the district court could have impliedly found that
Denison did not demonstrate that counsel's performance fell below a reasonable standard of
competence. Counsel testified that he did not advise Denison of a venue defense because
he believed that the act of driving from Travis County to Bastrop County "to meet and
potentially have sex with" a minor "certainly conveyed venue in Bastrop County." According to
current case law interpreting the venue provision in the code of criminal procedure, (1)
 counsel was
correct. See, e.g., Schemm v. State, 228 S.W.3d 844, 846 (Tex. App.--Austin 2007, pet. ref'd)
("Under [the venue provision], when conduct constituting a single offense is committed in more than
one county, venue is proper in any of those counties.") (citing State v. Weaver, 982 S.W.2d
892, 893 (Tex. Crim. App. 1998) & Wood v. State, 573 S.W.2d 207, 210 (Tex. Crim. App. 1978));
Hall v. State, 124 S.W.3d 246, 251-52 (Tex. App.--San Antonio 2003, pet. ref'd) (holding that
venue for offense of criminal solicitation of minor is proper in either county where defendant
communicated with minor or county where defendant traveled to meet with minor). Therefore, we
cannot say that the district court abused its discretion in finding that Denison failed to demonstrate
that counsel's performance "was not within the range of competence demanded of attorneys in
criminal cases." See Moody, 991 S.W.2d at 857.

 Additionally, even if counsel should have advised Denison of a possible venue
defense, there is evidence in the record from which the district court could have impliedly found that
Denison did not demonstrate that there was a reasonable probability that, but for counsel's decision
to not advise him of a possible venue defense, he would have not pleaded guilty and insisted on
going to trial. Denison testified that he would have "chosen to pursue a venue issue" if counsel had
advised him of such an issue. And, Denison testified, the "reason [he] made a guilty plea was
because counsel told him that Denison "did not have a defense in this case." However, Denison did
not testify that, had he been advised of a possible venue defense, he would have "insisted on going
to trial." In fact, there is evidence in the record from which the district court could have concluded
otherwise. On cross-examination, Denison admitted that, as part of his plea bargain, the State agreed
to dismiss charges against him for the offenses of attempted sexual assault of a child and attempted
sexual performance of a child. Denison further admitted that the State also agreed, as part of the plea
bargain, that Denison would be placed on probation and not sentenced to any penitentiary time. 
Given the other offenses with which the State could have charged Denison, and the prison time the
State could have sought, absent the plea bargain, we cannot say that the district court abused its
discretion in finding that Denison did not demonstrate that there was "a reasonable probability that,
but for counsel's errors, he would not have pleaded guilty and insisted on going to trial." See Moody,
991 S.W.2d at 858.

 On this record, we cannot conclude that the district court abused its discretion in
denying Denison habeas relief. We overrule Denison's sole point of error.



CONCLUSION

 We affirm the order of the district court.


 __________________________________________

 Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: July 25, 2008

Do Not Publish
1. Tex. Code Crim. Proc. Ann. art. 13.18 (West 2005).