# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00421-CR

## Ex parte Matthew W. Denison

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
### NO. 10,962A, HONORABLE TERRY L. FLENNIKEN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Matthew W. Denison pleaded guilty to the offense of criminal solicitation of a minor. *See* Tex. Penal Code Ann. § 15.031 (West Supp. 2007). The district court assessed punishment at ten years' imprisonment, but suspended imposition of the sentence and placed Denison on probation for ten years. In this post-conviction habeas corpus proceeding, Denison alleges ineffective assistance of counsel during the plea process. *See* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005). We will affirm the district court's order denying habeas relief.

## STANDARD OF REVIEW

An appellate court reviewing a trial court's ruling on a habeas claim must review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). We afford almost total deference to the trial court's determination of the historical facts that are supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). We afford the

same amount of deference to the trial court's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007). If the resolution of the ultimate questions turns on an application of legal standards, we review the determination de novo. *Id*.

To establish ineffective assistance of counsel, Denison must show that (1) counsel's performance was deficient and fell below an objective standard of reasonableness, and (2) counsel's deficient performance resulted in prejudice to the defense. *See Strickland v. Washington*, 466 U.S. 668, 687-691 (1984). To prevail on an ineffective assistance claim in a guilty plea case, a defendant must demonstrate that counsel's advice was not within the range of competence demanded of attorneys in criminal cases and, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. *Ex parte Moody*, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999); *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). Our review of counsel's performance must be highly deferential, and there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005); *Ex parte Balderrama*, 214 S.W.3d 530, 533 (Tex. App.—Austin 2006, pet. ref'd). We seek to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Any allegation of ineffectiveness must be "firmly founded" in the record. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim. App. 1999).

**ANALYSIS**

In his sole point of error on appeal, Denison asserts that he received prejudicially ineffective representation during the plea process which rendered his plea involuntary. Specifically, Denison asserts that "all elements of the offense" occurred in Travis County. Therefore, according to Denison, venue in Bastrop County was improper. Denison contends that if counsel had advised him of this "venue defense," he would not have pleaded guilty.

When a defendant challenges the voluntariness of a plea as a result of ineffective assistance, our analysis depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and, if not, whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted upon a trial on the merits. *Moody*, 991 S.W.2d at 857-58. Like other types of ineffective assistance claims, appellant has the burden to demonstrate that counsel's performance fell below a reasonable standard of competence and that, had appellant been properly advised, he would have, with reasonable probability, pleaded not guilty and insisted on a trial. *See id*.

At the habeas hearing, when asked if he would have "chosen to pursue a venue issue" at trial "if counsel had told him that he had a plausible defense of insufficient venue," Denison testified, "Yes." However, on cross-examination, the State elicited the following testimony from Denison:

Q:   With regard to what you're on probation for, you were also indicted for attempted sexual assault of a child; is that correct?

A:   Correct.

. . . .

Q: And you were also indicted for attempted sexual performance by a child, correct?

A: Yes.

. . . .

Q: And as part of your plea agreement you received consideration to the extent that attempted sexual assault of a child and attempted sexual performance of a minor were dismissed; is that correct?

A: Correct.

Q: And you also received consideration for your plea that you weren't given penitentiary time; you instead received probation and some county time, correct?

A: Correct.

Q: So given the fact that you were receiving such consideration, venue wouldn't have mattered to you at that point, would it have?

A: It would—

Q: The fact that pen time was taken off the table and those other two offenses were dismissed at your request as being part of the plea agreement?

A: The reason I made a guilty plea is because [counsel] said that I did not have a defense in this case.

Q: Are you aware that [counsel] is board certified in criminal law?

A: Yes.

Q: And are you aware that [counsel] has a reputation for being an outstanding criminal defense attorney, not only in Bastrop County but in Travis County as well?

A: Yes.

Q:      And are you aware that [counsel] has handled cases like this before?

A:      Yes.

Q:      And . . . you're aware that he has experience in counseling defendants with these types of matters?

A:      Yes.

Q:      And you testified that you spent time talking with [counsel] about possible defenses that you may or may not have in this case, correct?

A:      Correct.

Q:      And [counsel] did not mention any kind of venue issue to you, did he?

A:      No, he did not.

Q:      But he did mention other issues that could potentially be—come into play in this case, correct?

A:      Yes.

Q:      But not venue.

A:      Correct.

Q:      Isn't the real reason that we're here is because you don't want to be on probation any more?

A:      Obviously, no, I do not want to be on probation any more.

Denison's trial counsel also testified at the hearing and explained why he did not discuss a possible venue defense with Denison. Counsel testified that he believed, although Denison communicated with the minor in Travis County, Denison's act of driving to Bastrop County "to meet and potentially have sex" with a minor "certainly conveyed venue in Bastrop County."

5

Viewing the above record evidence in the light most favorable to the district court's ruling, we cannot conclude that the district court abused its discretion in denying Denison habeas relief based on his claim of ineffective assistance of counsel.

First, there is evidence from which the district court could have impliedly found that Denison did not demonstrate that counsel's performance fell below a reasonable standard of competence. Counsel testified that he did not advise Denison of a venue defense because he believed that the act of driving from Travis County to Bastrop County "to meet and potentially have sex with" a minor "certainly conveyed venue in Bastrop County." According to current case law interpreting the venue provision in the code of criminal procedure,[1] counsel was correct. *See, e.g.*, *Schemm v. State*, 228 S.W.3d 844, 846 (Tex. App.—Austin 2007, pet. ref'd) ("Under [the venue provision], when conduct constituting a single offense is committed in more than one county, venue is proper in any of those counties.") (citing *State v. Weaver*, 982 S.W.2d 892, 893 (Tex. Crim. App. 1998) & *Wood v. State*, 573 S.W.2d 207, 210 (Tex. Crim. App. 1978)); *Hall v. State*, 124 S.W.3d 246, 251-52 (Tex. App.—San Antonio 2003, pet. ref'd) (holding that venue for offense of criminal solicitation of minor is proper in either county where defendant communicated with minor or county where defendant traveled to meet with minor). Therefore, we cannot say that the district court abused its discretion in finding that Denison failed to demonstrate that counsel's performance "was not within the range of competence demanded of attorneys in criminal cases." *See Moody*, 991 S.W.2d at 857.

---

[1] Tex. Code Crim. Proc. Ann. art. 13.18 (West 2005).

Additionally, even if counsel should have advised Denison of a possible venue defense, there is evidence in the record from which the district court could have impliedly found that Denison did not demonstrate that there was a reasonable probability that, but for counsel's decision to not advise him of a possible venue defense, he would have not pleaded guilty and insisted on going to trial. Denison testified that he would have "chosen to pursue a venue issue" if counsel had advised him of such an issue. And, Denison testified, the "reason [he] made a guilty plea was because counsel told him that Denison "did not have a defense in this case." However, Denison did not testify that, had he been advised of a possible venue defense, he would have "insisted on going to trial." In fact, there is evidence in the record from which the district court could have concluded otherwise. On cross-examination, Denison admitted that, as part of his plea bargain, the State agreed to dismiss charges against him for the offenses of attempted sexual assault of a child and attempted sexual performance of a child. Denison further admitted that the State also agreed, as part of the plea bargain, that Denison would be placed on probation and not sentenced to any penitentiary time. Given the other offenses with which the State could have charged Denison, and the prison time the State could have sought, absent the plea bargain, we cannot say that the district court abused its discretion in finding that Denison did not demonstrate that there was "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and insisted on going to trial." *See Moody*, 991 S.W.2d at 858.

On this record, we cannot conclude that the district court abused its discretion in denying Denison habeas relief. We overrule Denison's sole point of error.

7

## CONCLUSION

We affirm the order of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:   July 25, 2008

Do Not Publish