*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# MEMORANDUM OPINION

No. 04-08-00503-CV

## IN THE MATTER OF E.A.P.

From the 386th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-JUV-00203
Honorable Laura Parker, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:    March 11, 2009

AFFIRMED

In the underlying juvenile proceeding, appellant was charged with three counts of aggravated assault, against three different complainants. Based on appellant's plea of true, Judge Laura Parker entered an order of adjudication and set the case for a disposition hearing. Despite a juvenile probation officer's recommendation of a lesser sentence, Judge Parker committed appellant to the TYC for a fifteen year determinate sentence. Approximately one month after the sentencing, the court granted a substitution of counsel, and the new attorney for appellant filed three motions: (1) motion for new trial, (2) motion to disqualify the Bexar County Criminal District Attorney, and (3) motion to recuse Judge Parker. Judge Pat Priest heard and later denied the motion to recuse Judge Parker. Thereafter, Judge Parker denied the motion for new trial and the motion to recuse the Bexar

County Criminal District Attorney. On appeal, appellant asserts Judge Parker should have been recused, the Bexar County Criminal District Attorney ("DA") should have been disqualified, and the determinate sentence should be set aside. We affirm.

## DISQUALIFICATION OF DA

In his first and second issues, appellant asserts the DA's prosecution of its case against him resulted in a violation of his due process rights because the DA should have been disqualified on the grounds that one of the three complainants was the son of a Bexar County Assistant District Attorney ("ADA") (Melisa Skinner), although he was not the son of the prosecuting ADA (Khristina Fielder).

To the extent appellant asserts the DA's Office should have sua sponte recused itself, we disagree. There are two circumstances under which a DA is statutorily disqualified, neither of which apply here. A district attorney may not represent the State "in cases where he has been, before his election, employed adversely." TEX. CODE CRIM. P. ANN. art. 2.01 (Vernon 2005). And, a district attorney "shall not be of counsel adversely to the State in any case, in any court, nor shall they, after they cease to be such officers, be of counsel adversely to the State in any case in which they have been of counsel for the State." *Id.* at art. 2.08. Because neither the DA nor the ADA's in this case were statutorily disqualified, we conclude the DA's Office was under no obligation to sua sponte recuse itself.

To the extent appellant asserts Judge Parker erred in denying his motion to recuse the DA, we conclude that complaint was waived. At the hearing on the motion to recuse Judge Parker, appellant's trial counsel admitted he knew, about one month before the adjudication hearing, that one of the complainants was the son of an ADA. A criminal defendant may waive any error including constitutional error by failure to object or request proper relief. *See Muniz v. State*,

851 S.W.2d 238, 255 (Tex. Crim. App. 1993); *Little v. State*, 758 S.W.2d 551, 564 (Tex. Crim. App. 1988); *Hall v. State*, 124 S.W.3d 246, 248 (Tex. App.—San Antonio 2003, pet. ref'd). Because trial counsel did not raise his complaint about the DA before Judge Parker proceeded with either the adjudication or disposition hearings, it is waived.

## RECUSAL OF JUDGE PARKER

In his third, fourth, and fifth issues, appellant raises the following complaints: his due process rights were violated because Judge Parker did not recuse herself sua sponte, Judge Priest erred by denying his motion to recuse Judge Parker, and Judge Parker's active participation during the motion to recuse hearing required her recusal.

The Texas Code of Judicial Conduct requires judges to avoid the appearance of impropriety in all of the judge's activities and "comply with the law and . . . act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." TEX. CODE JUD. CONDUCT, Canon 2A, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. B (Vernon 2005). The Texas Rules of Civil Procedure require a judge to recuse herself in any proceeding in which her "impartiality might reasonably be questioned" or she "has a personal bias or prejudice concerning the subject matter or a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." TEX. R. CIV. P. 18b(2).

At the recusal hearing, Judge Parker testified that prior to taking the bench, she had worked in the Bexar County Criminal District Attorney's Office as an ADA. She admitted to being acquainted with Melisa Skinner, although she had never met Ms. Skinner's husband or children. She and Ms. Skinner had never been assigned to the same court during the time they both worked as ADAs and had never worked together in any capacity. Judge Parker said she attended some of the

same political events as Ms. Skinner and they both took the same group trip to Las Vegas for the purpose of attending another ADA's birthday party. As to the underlying proceeding against appellant, Judge Parker said ADA Khristina Fielder came to her office to tell her she did not think a trial would be necessary because the case "was being worked out" and Ms. Fielder wanted her to know that one of the three complainants was Ms. Skinner's son. Judge Parker said she told Ms. Fielder she had no problem "with it," but she instructed Ms. Fielder to inform defense counsel "in case he had a problem with it." Finally, Judge Parker testified her sentencing decision in appellant's case had nothing to do with her acquaintance with Ms. Skinner.

In addition to Judge Parker's testimony, Judge Priest also heard testimony from appellant's trial attorney. Counsel agreed that he never questioned Judge Parker's ability to be fair and impartial during the adjudication and disposition hearing, "except when she pronounced sentence. [I]t was a lot more than what I thought that [appellant] was going to get." Counsel said he did not know Judge Parker had been an ADA during the same time period as Ms. Skinner.

We conclude appellant did not establish bias on Judge Parker's part; therefore, he did not establish that his due process rights were violated. Accordingly, on this record, we conclude Judge Parker did not err by not sua sponte recusing herself, and Judge Priest did not abuse his discretion in denying the motion to recuse Judge Parker.

Finally, appellant concedes Judge Parker's testimony at the recusal hearing was not improper, but he asserts her "active participation through counsel [at the recusal hearing] . . . raises the problem." Judge Parker was subpoenaed and called to the witness stand by appellant's attorney. Therefore, she did not voluntarily inject herself into the recusal proceeding. As to appellant's contention that she improperly secured the assistance of an attorney to represent her at the recusal

hearing, we cannot conclude, based on this record, that Judge Parker acted improperly by seeking legal counsel. *See In re Union Pacific Resources Co.*, 969 S.W.2d 427, 429 (Tex. 1998) (Hecht, J., concurring) ("But the relationship between judge and lawyer is of less concern, it seems to me, when it involves no more than the lawyer's representation of the judge as a respondent in a mandamus proceeding."); *see also Rapp v. Van Dusen*, 350 F.2d 803, 813 (3rd Cir. 1965) (en banc) (when the grounds for recusal are extrinsic to the merits of a judicial act and are instead directed against the judge himself, the judge as the respondent in a mandamus proceeding "may, without being required to do so, file an answer and contest the petition and where appropriate, intervention by interested parties will be allowed.").

## SENTENCE

In his final issue, appellant asserts Judge Parker abused her discretion by imposing a determinate sentence of fifteen years. A juvenile court possesses broad discretion to determine a suitable disposition for a child who has been adjudicated as having engaged in delinquent conduct. *In re K.J.N.,* 103 S.W.3d 465, 465 (Tex. App.—San Antonio 2003, no pet.). A court abuses its discretion when it acts in an unreasonable or arbitrary manner, or without reference to any guiding rules or principles. *Id.* at 466.

Appellant pled true to the allegations that he engaged in delinquent conduct by committing the offense of aggravated robbery against three different complainants in a single incident. One violation of one penal law listed in Texas Family Code section 53.045(a) is sufficient for the imposition of a determinate sentence. *In re J.H.*, 150 S.W.3d 477, 481 (Tex. App.—Austin 2004, pet. denied). Aggravated robbery is one of the offenses listed in Family Code section 53.045. *See* TEX. FAM. CODE. ANN.§ 53.045(a)(7) (Vernon 2008).

At the time of his disposition hearing, appellant was fourteen years old. At the hearing, appellant admitted he was wrong to rob the three complainants at knife point, but he said he committed the offense because he had been smoking marijuana. Landon Cross, appellant's juvenile probation officer, testified appellant was quiet, respectful, always did what he was asked to do while in detention, and his office had no problems with appellant while appellant wore an ankle monitor. Landon said he discovered no gang affiliation on appellant's part, and based on what he knew about appellant, he recommended the court place appellant on probation, including up to sixty hours of community service. However, testimony at the hearing also revealed appellant had been found in possession of a knife while at school in December 2006 and that he possessed and sold marijuana while at school in 2007. Following the 2007 incident, appellant was expelled from school and sent to drug counseling. Appellant's mother works full-time, does not get home until 6:00 p.m., does not know where her son gets the knives or marijuana, and was unaware appellant continued to smoke marijuana weekly.

Based on this record, we conclude Judge Parker did not abuse her discretion in sentencing appellant to a determinate sentence of fifteen years.

## CONCLUSION

We overrule appellant's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice