Affirmed as
Modified and Opinion filed June 17, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00622-CR


NO. 14-08-00623-CR

NO. 14-08-00624-CR

___________________

 

Shauntel
Loraine Mayo, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 241st District Court

Smith County, Texas

Trial Court
Cause Nos. 241-1431-07, 241-1436-07, 241-1437-07



 

OPINION 

Appellant Shauntel Mayo, the second of the alleged
“Mineola Swingers”[1]
was tried in Smith County in May 2008 and convicted of two counts of sexual
performance by a child and one count of engaging in organized criminal
activity.  She was sentenced to twenty years’ confinement for each count of
sexual performance by a child and confinement for life for the count of engaging
in organized criminal activity.  In three issues, appellant asserts the trial
court reversibly erred (a) by including an improper venue instruction in the
jury charge, which (b) caused her harmed, and (c) by ordering the three
sentences to run consecutively.  Although the jury instruction was error, it
was not harmful. However, because one of her three sentences should not have
been ordered to run consecutively, we modify the trial court’s judgment and
affirm as modified.

I.  Background

            Appellant has not
challenged the sufficiency of the evidence, so we discuss the facts only
briefly. Appellant’s two children, Shannon and Holden,[2] were
removed from her care sometime in 2004.  After their removal, they began to
exhibit behaviors and make outcries to various people that raised concerns that
the children had been sexually abused.  Many of the children’s allegations centered
on an adult “swingers” club located in Mineola, Texas.  This club was allegedly
operated by appellant and other adults.  During the investigation into these
allegations, several other children related to appellant also made outcries.

            According to Shannon
and Holden, they were given “silly pills” and encouraged to dance with each
other in various states of undress.  They were taught to do these acts in what
they referred to as “kindergarten,” which took place in appellant’s home in
Smith County.[3] 
These “kindergarten” classes involved teaching children, including Shannon and
Holden, how to touch their “private parts” and “play doctor,” which involved
genital contact with each other.  Several adults, including appellant,
allegedly instructed the children at “kindergarten.”  After spending time in
“kindergarten,” the children were taken to the “swingers” club in Mineola, located
in Wood County, where they would dance and perform sexually with each other for
adults who paid money to those operating the club.

            After an
investigation into these allegations, appellant and several others were charged
with numerous offenses in Smith County.[4] 
At appellant’s trial, numerous witnesses testified in support of the State’s
case; several of the children, including Holden, Shannon, and their two young relatives,
Ginny and Cathy, testified and described the activities that occurred both at
“kindergarten” and at the “swingers” club.  After hearing the evidence, the
jury found appellant guilty of the charged offenses and assessed punishment at
confinement for life and a $10,000 fine for engaging in organized criminal
activity, and twenty years’ confinement and a $10,000 fine for each count of
sexual performance by a child.  The trial court rendered judgment on the jury’s
verdict and, over appellant’s objection, ordered all three sentences to run
consecutively.  Appellant timely appealed.

II.  Analysis

A.        Jury Charge Error

In her first two issues, appellant contends the trial
court provided an impermissible jury instruction on venue which harmed her
because it relieved the State of its burden to establish venue by a
preponderance of the evidence.  

When reviewing allegations of charge error, we must
first determine whether error actually exists in the charge.  Ngo v. State,
175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (en banc).  If error is found, we
then determine whether it caused sufficient harm to require reversal.  Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (en banc) (op. on
reh’g).  If no proper objection was made at trial, we must reverse only
if the record shows “egregious harm” to the defendant.  Id.  When there
has been a timely objection to an improper jury charge, we must reverse if we
find “some harm” to the defendant.  Id.  “Some harm” means any harm,
regardless of degree.  Dickey v. State, 22 S.W.3d 490, 492 (Tex. Crim.
App. 1999) (en banc); Arline v. State, 721 S.W.2d 348, 351 (Tex. Crim. App.
1986) (en banc).  

Appellant’s complaint centers on the final sentence
of the trial court’s venue instructions: “Venue is not a constituent element of
the offense charged, and the failure to prove venue does not negate the guilt
of the accused.”  This statement comes from case law discussing sufficiency of
the evidence of venue.  See, e.g., Fairfield v. State, 610 S.W.2d
771, 779 (Tex. Crim. App. 1981) (en banc); Schemm v. State, 228 S.W.3d
844, 845 (Tex. App.—Austin 2007, pet. ref’d); Adams v. State, 936 S.W.2d
313, 314 (Tex. App.—Tyler 1996, pet. ref’d).  But “Texas courts are forbidden
from instructing the jury on any presumption or evidentiary sufficiency rule
that does not have a statutory basis.”  Brown v. State, 122 S.W.3d 794,
799 (Tex. Crim. App. 2003) (emphasis added).  Because this evidentiary
sufficiency rule does not have a statutory basis, we conclude this instruction
was improper and sustain appellant’s first issue.  

B.        Harm Analysis


The harm analysis that we apply in this case is
dependent on whether appellant properly objected to the jury charge.  Appellant
lodged the following objection to the inclusion of this particular statement:

            Your Honor, just for record purposes, the
Defense would object to the inclusion of the last sentence of Paragraph XV as
surplusage in the charge.

            And my understanding is that came from case
law and not statute, so we would object accordingly to that being included
in the Court’s charge.

(emphasis added).  We
disagree with the State that this objection was not sufficient.  Because appellant
timely objected to the erroneous portion of the jury charge we will review the
record for “some” harm.  See Dickey, 22 S.W.3d at 492; Arline,
721 S.W.2d at 351; Almanza, 686 S.W.2d at 171.  In performing a harm
analysis, “the actual degree of harm must be assayed in light of the entire
jury charge, the state of the evidence, including the contested issues and
weight of probative evidence, the argument of counsel and any other relevant
information revealed by the record of the trial as a whole.”  Almanza,
686 S.W.2d at 171.  

1.      Venue
was challenged.

Because venue is presumed if not challenged, our harm
analysis begins with the question of whether venue was challenged.  Tex. R. App. P. 44.2(c)(1).  Appellant
has not challenged the trial court’s jurisdiction[5] to
prosecute this case, and instead asserts that venue was a contested issue and
the State failed to establish venue in Smith County.

The record shows that appellant only challenged venue
on the offense of engaging in organized criminal activity.  Cf. Holdridge v.
State, 707 S.W.2d 18, 20–21 (Tex. Crim. App. 1986) (en banc) (per curiam).  Appellant
did not file any pre-trial motions disputing venue, and disputed venue only for
the organized criminal activity charge by orally moving for a directed verdict
as follows:

Specifically with regard to cause number 241-1431-07
[organized criminal activity count], the Defense would move for an instructed
verdict on the issue of the engaging in the organized criminal activity case,
because the State . . . failed to prove that [appellant] had any sort of intent
to establish, maintain, or participate in a combination or in the profits of a
combination of any type anywhere in Smith County. . . .  Therefore we’d move
for an instructed verdict on that cause as to that element of venue and profit.

Appellant failed to challenge venue as to the other
two crimes.  Unless disputed in the trial court or unless the record
affirmatively shows the contrary, we must presume that venue was proven in the
trial court.  Tex. R. App. P.
44.2(c)(1).  Because the record does not affirmatively show that venue was inappropriate
in Smith County, we must presume that venue was established for the two counts
of sexual performance of a child.[6] 
Id.

2.      The
remainder of the jury charge was correct.

We next consider the entire jury charge.  The
erroneous instruction appears at the end of the venue section of the charge as
follows:

The indictment or information, or
any pleading in the case, may allege that the offense was committed in the
county were the prosecution is carried on.  To sustain the allegation of venue,
it shall only be necessary to prove by the preponderance of the evidence that
by reason of the facts in the case, the county where such prosecution is
carried on has venue.  Proof of venue must be demonstrated by either direct or
circumstantial evidence.  “Venue,” as applied to criminal cases, means the
place in which the prosecution is to begin.

When conduct constituting a
single offense is committed in more than one county, venue is proper in any of
those counties.

Preponderance of the evidence
means the greater weight and degree of credible evidence.

Venue is not a constituent
element of the offense charged, and the failure to prove venue does not negate
the guilt of the accused.

With the exception of the last sentence, these venue
instructions are appropriate for a jury charge.  See Tex. Code Crim. Proc. Ann. arts. 13.17,
13.18 (Vernon 2005); Soliz v. State, 97 S.W.3d 137, 141 (Tex. Crim. App.
2003) (defining venue as “the county or district in which a court with
jurisdiction may hear and determine a case”); Thompson v. State, 244
S.W.3d 357, 362 (Tex. App.—Tyler 2006, pet. dism’d) (explaining that the State
is required to prove venue by a preponderance of either direct or
circumstantial evidence).  The jury also was properly instructed that engaging
in organized criminal activity may be prosecuted in any county in which acts
committed to effect the purpose of the combination occur.  See Tex. Code Crim. Proc. Ann. art. 13.21. 


The jury charge on venue was confusing, containing
the correct burden of proof for venue but also seeming to take it away in the
last sentence of the venue instructions.  See Mann v. State, 964
S.W.2d 639, 641 (Tex. Crim. App. 1998) (en banc) (analyzing a jury charge in
which the burden of proof was improperly stated in one location, while in seven
other locations it was stated correctly.)  But the charge also correctly
instructed the jury on the burden of proof for the crime itself as follows: 

And if you further find from the evidence beyond a
reasonable doubt that in Smith County, Texas, the [appellant], did then and
there commit said offense with the intent to establish, maintain, or
participate in a combination or in the profits of a combination who
collaborated in carrying on said criminal activity; then you will find the [appellant],
guilty of Engaging in Organized Criminal Activity.

3.     
There is sufficient evidence of venue.

            We next consider
the evidence of venue.  It was undisputed that the “swingers” club was in Wood
County and the children lived in Smith County.  Texas Ranger Phillip Kemp, the investigating
officer, explained the “nexus” between Smith and Wood Counties in this case:

Q:        Through
the course of your investigation, was it determined whether or not there was a
nexus between Smith County and Wood County?

A:        Yes, there was.

Q:        What was that nexus?

A:        The
training that was done to teach them how to dance or, as they said, dance sexy,
how to strip, how to have sex, and the drugs that were purchased to give to the
kids when they did this, was all done in Smith County.

Additionally, Shannon testified
that she attended “kindergarten” at appellant’s residence, which was located in
Smith County.  In a video interview of Shannon and Holden conducted by Kemp, Holden
explained that “nasty things” happened at his house and that he had to
“practice” the things he learned at “kindergarten” at his house.  It is
undisputed that his house, appellant’s residence, was in Smith County.  Thus,
there is more than sufficient evidence to support venue in Smith County because
the record reflects that at least one of the acts—the “grooming” of the
children at “kindergarten”—effecting an objective of the organized criminal
activity occurred in Smith County.  See
Tex. Code Crim. Proc. Ann. art. 13.21; see also Murphy v.
State, 112 S.W.3d 592, 605 (Tex. Crim. App. 2003) (en banc) (“Venue will stand
if it is sufficient under any one of the venue provisions the jury was
instructed upon.”).

4.      Arguments
of counsel on venue were proper.

            Finally we
consider the arguments of counsel.  During closing argument, the State emphasized
that the children against whom these offenses were committed lived in Smith
County and that the offenses against them started in Smith County:  

Why are we here in Smith County?  I’ll tell you why we’re
here in Smith County.  These are our kids.  This happened and begins in Smith
County.

The engaging in organized criminal activity begins in Smith
County.  The kindergarten in Smith County; [the appellant and other defendants]
in Smith County.

And our kids in Smith County are being groomed for the sole
purpose to go dance naked in this building so they could make money.  Every
single time those kids got in the car here in Tyler to drive to that place,
this offense occurred in Smith County.  And it didn’t end until they got home
back in Smith County.

Please, please, please, please do not go in there, throw up
your hands and say, “Well, the sex club is in Mineola.  We’ll let them deal
with it.”

. . .

Can you imagine that ride from here in Tyler to Mineola at
the age of six, seven, knowing - - knowing there would be a room full of people
that were going to pay to watch you have sex with your sister, going to pay to
watch you have sex with your brother, going to pay to watch you take all of
your little clothes off?

Appellant did not object to
any of this argument, and her trial counsel did not discuss venue at all during
closing argument.  Nothing in the State’s closing argument suggests that the
jury should disregard venue when reaching its verdict.  

5.      No
actual harm was shown.

Appellant contested venue on only one of the three
offenses; the greater part of the jury charge correctly instructed the jury on
venue; the record contains sufficient evidence to support venue in Smith County;
and the State did not argue that the jury should disregard venue in determining
appellant’s guilt.  Considering the state of the record as a whole, including
the entirety of the jury charge and the evidence of venue, we cannot say that
appellant suffered some actual harm by the single improper sentence regarding
venue included in the jury charge.  Cf. Dickey, 22 S.W.3d at 493
(concluding that no actual harm from the erroneous jury charge was shown).  We
therefore overrule appellant’s second issue.

C.        Cumulation
of Sentences

 

In her third issue, appellant asserts the trial court
erred in ordering her three sentences to run consecutively.  When a defendant
is found guilty of more than one offense arising out of the same criminal
episode prosecuted in a single criminal trial, as occurred here, the sentences
pronounced “shall” run concurrently, except for certain enumerated offenses.  See
Tex. Penal Code § 3.03(a),
(b) (Vernon Supp. 2009).   Sexual performance of a child is an enumerated
offense that may be ordered to run consecutively.  Id. § 3.03(b)(2)(A). 
Appellant’s two twenty-year sentences for sexual performance of a child therefore
may run consecutively to each other.  See id.   

However, Texas Penal Code section 3.03 unambiguously
provides that only offenses specifically enumerated in subsection (b) may be
ordered to run consecutively.  Parfait v. State, 120 S.W.3d 348, 350
(Tex. Crim. App. 2003).  Organized criminal activity is not one of the
enumerated offenses included in subsection (b).  See Tex. Penal Code § 3.03(b).  Thus,
the trial court erred in ordering appellant’s sentence for organized criminal
activity to run consecutively to her two sentences for sexual performance of a
child.  Cf. Parfait, 120 S.W.3d at 350–51.  We therefore sustain her
third issue.

III.  Conclusion

            Because the trial
court erred in instructing the jury that failure to prove venue does not negate
the guilt of the accused, we sustain appellant’s first issue, but because that
error was harmless, we overrule her second issue.  We further conclude that the
trial court erred in ordering appellant’s sentences for her three convictions
to run consecutively; thus, we sustain her third issue and modify the judgment
to reflect that appellant’s life sentence for engaging in organized criminal
activity shall run concurrently with her two consecutive twenty-year sentences
for sexual performance of a child.  We affirm the trial court’s judgment as modified.


 








                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

Panel consists of Chief Justice Hedges
and Justices Anderson and Christopher.

Publish
— Tex. R. App. P. 47.2(b).









[1]
See Pittman v. State, No. 14-08-00710-CR, tried in March 2008; Kelly
v. State, No. 14-09-00166-CR, tried in August 2008. All three appeals were
transferred to this court.





[2]
We have employed pseudonyms for the children to protect their identities.





[3]
There was some testimony that some of the “kindergarten” classes may have
occurred at the residence of an individual identified as “Booger Red,” but the
location of this residence was not established in the record.   





[4]
Appeals involving two other defendants in this alleged “sex ring” were filed
subsequent to this appeal.  See Pittman v. State, No. 14-08-00710-CR; Kelly
v. State, No. 14-09-00166-CR.  In these subsequently-filed appeals, the
appellants allege violations of Brady v. Maryland, 373 U.S.83
(1963).  Surprisingly, Smith County’s neighboring county, Wood County, filed an
amicus brief through its district attorney’s office which appears to support
some claims of the other defendants.  Appellant moved to consolidate the
appeals so that we could consider the Brady issues in her case.  That
motion was denied.  Appellant made no Brady complaint in this case.  Her
only review of this issue would be through a habeas corpus proceeding.  For a
further discussion of the alleged Brady issues, see Pittman, slip.
op. at 8–11 (Tex. App.—Houston [14th Dist.] June 17, 2010).





[5]
Venue is not the same as jurisdiction: jurisdiction is the power of a court to
hear and try a case, while venue is simply the place where a case may be
tried.  See State v. Blankenship, 170 S.W.3d 676, 681 (Tex. App.—Austin
2005, pet. ref’d).  





[6]
There is no specific venue provision for sexual performance of a child; thus
the general venue statute providing that “the proper county for the prosecution
of offenses is that in which the offense was committed” applies.  Tex. Code Crim. Proc. Ann. art. 13.18.