**In the Matter of K.J.N.**

**No. 04–01–00757–CV.**

Court of Appeals of Texas,
San Antonio.

Jan. 8, 2003.

———

Michael D. Robbins, San Antonio, for appellant.

Edward F. Shaughnessy, III, Assistant Criminal District Attorney, San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice.

Opinion by CATHERINE STONE, Justice.

This is an appeal of a disposition order committing K.J.N., a juvenile, to the Texas Youth Commission. On appeal K.J.N. claims the evidence is factually insufficient to support placement outside of K.J.N.'s home, and that the trial court therefore abused its discretion in ordering his commitment. Based upon our review of the record, we hold the evidence supports the order of commitment and that the trial court did not abuse its discretion. Accordingly, we affirm the trial court's order.

## BACKGROUND FACTS

K.J.N. pleaded true to a charge that he engaged in delinquent conduct by his unauthorized use of a motor vehicle. Based upon K.J.N.'s stipulation of testimony, and in accordance with K.J.N.'s plea agreement, the trial court placed K.J.N. on probation for twenty-one months. K.J.N. was to remain in his mother's custody. Less than a month after the trial and order of probation regarding this conduct, K.J.N. was alleged to have once again engaged delinquent conduct by committing theft and unauthorized use of a motor vehicle. The State filed a motion to modify disposition alleging this additional conduct as a violation of his probation. Following a contested hearing on the motion to modify disposition, the trial court revoked K.J.N.'s probation and committed him to the Texas Youth Commission.

## STANDARD OF REVIEW

A juvenile judge has broad discretion to determine the proper disposition of a child who has been adjudicated as engaging in delinquent behavior. *In the Matter of*

K.L.C., 972 S.W.2d 203, 206 (Tex.App.-Beaumont 1998, no pet.). Absent an abuse of discretion by the trial court, a reviewing court will not disturb the juvenile court's determination. *Id.* An abuse of discretion occurs when the trial court acts unreasonably or arbitrarily and without reference to guiding rules and principles. *In the Interest of S.B.C.,* 952 S.W.2d 15, 17 (Tex. App.-San Antonio 1997, no writ). The guiding rules and principles in juvenile cases involving commitment outside the child's home are found in the Family Code. The Family Code permits a trial judge to commit a child to the Texas Youth Commission if: (1) it is in the child's best interest to be placed outside the home; (2) reasonable efforts have been taken to prevent or eliminate the need for the child's removal from home; and (3) while in the home, the child cannot receive the quality of care and level of support and supervision needed to meet the conditions of probation. TEX. FAM.CODE ANN. § 54.04(i) (Vernon 2002). Under an abuse of discretion standard, legal and factual sufficiency are relevant factors in determining whether the trial court abused its discretion. *Doyle v. Doyle,* 955 S.W.2d 478, 479 (Tex. App.-Austin 1997, no pet.).

### ANALYSIS

K.J.N. claims there is factually insufficient evidence to support the conclusion that K.J.N.'s rehabilitative needs could not be addressed in his home. We review K.J.N.'s evidentiary challenge under traditional standards of review. When a juvenile challenges the legal sufficiency of the evidence by a no evidence point, the appellate court is required to consider only the evidence and inferences tending to support the findings under attack. *In the Matter of S.A.M.,* 933 S.W.2d 744, 745 (Tex.App.-San Antonio 1996, no writ). In reviewing a factual insufficiency point, we consider and weigh all the evidence in the case and

set aside the judgment only if the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re J.J.,* 916 S.W.2d 532, 535–36 (Tex.App.-Dallas 1995, no writ).

We disagree with K.J.N.'s claim that the trial court abused its discretion. The record reveals that K.J.N. was placed on probation and allowed to stay in his home with his family, but within less than a month of his first hearing he again engaged in juvenile conduct. K.J.N.'s mother failed to appear at the disposition hearing, although it is apparent from the record that her presence in court was necessary. K.J.N.'s immediate recidivism while under his mother's care, coupled with his mother's failure to appear at his disposition hearing, provide a sufficient basis for the trial court to conclude that K.J.N., in his home, could not be given the quality of care or level of support and supervision necessary to meet the conditions of probation, as provided for in Section 54.04(i) of the Family Code. Accordingly, K.J.N.'s sole point of error is overruled.

The order of the trial court is affirmed.