NUMBER
13-04-552-CV

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

J.A.W.R., A CHILD,                                                 Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

    On
appeal from the County Court of Refugio County,
Texas.

__________________________________________________________________

 

                     MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                      Memorandum
Opinion by Justice Rodriguez

 








Appellant, J.A.W.R., a child, was found to have engaged in delinquent
conduct[1]
by committing the offense of endangering a child.[2]  He was committed to the Texas Youth
Commission for an indeterminate period of time not to exceed his twenty-first
birthday.  In his sole point of error,
appellant argues that the trial court abused its discretion by ordering him
committed to the Texas Youth Commission. 
We affirm.  As this is a memorandum opinion and the
parties are familiar with the facts, we will not recite them here except as
necessary to advise the parties of the Court's decision and the basic reasons
for it.  See Tex. R. App. P. 47.4.

I.  STANDARD OF REVIEW

A juvenile judge has broad discretion to determine the proper
disposition of a child who has been adjudicated as engaging in delinquent
behavior.  In re K.J.N., 103
S.W.3d 465, 465-66 (Tex. App.BSan Antonio 2003, no
pet.).  Absent an abuse of discretion, we
will not disturb the trial court=s determination.  Id. 
An abuse of discretion occurs when the trial court acts unreasonably or
arbitrarily and without reference to guiding rules and principles.  Id. 
The guiding rules and principles in juvenile cases involving commitment
outside the child=s home are found in
the Texas Family Code.  Id.; see
Tex. Fam. Code Ann. ' 54.04 (Vernon Supp.
2004-05).

The family code permits a trial judge to commit a child to the Texas
Youth Commission if:  (1) it is in the
child=s best interest to be
placed outside the home; (2) reasonable efforts have been taken to prevent or
eliminate the need for the child=s removal from the
home; and (3) while in the home, the child cannot receive the quality of care
and level of support and supervision needed to meet the conditions of
probation.  Tex. Fam. Code Ann. ' 54.04(i).

 








II.  ANALYSIS

By his sole point of error, appellant argues that the trial court
abused its discretion by ordering appellant committed to the Texas Youth
Commission.  Specifically, appellant
argues that there is no evidence to support the trial court=s finding that Athe child, in the
child=s home, cannot be
provided the quality of care and level of support and supervision that the
child needs to meet the conditions of probation.@[3]  We disagree. 


At the disposition hearing the State offered into evidence the
Predisposition and Social History report prepared by the juvenile
department.  The recommendation in the
report was that appellant be placed outside the home due to his need for more
structure and discipline than was being provided by his parents.  The report stated that appellant had been
unsuccessful on a six-month deferred adjudication and unsuccessful on the
subsequent court-ordered probation. 
Appellant was also unsuccessful on a second court-ordered probation on
another cause.  He was exhibiting serious
signs of mental and emotional instability as well as more serious behavioral
problems than in the past.  The report
also stated that appellant had failed to graduate to the eleventh grade because
he did not complete his makeup work or his absences.  Appellant had been referred for truancy.  








Under the record in this case, we find that the trial court did not
err in determining that appellant, in his home, cannot be provided the quality
of care and level of support and supervision that he needs to meet the conditions
of probation.  We therefore conclude that
the trial court did not abuse its discretion in committing appellant to the
Texas Youth Commission.  Appellant=s sole point of error
is overruled.

III.  CONCLUSION

Accordingly, we affirm the order of the trial court.

 

NELDA
V. RODRIGUEZ

Justice

 

Memorandum Opinion
delivered and 

filed this 7th day of
July, 2005.

 











[1]  See Tex. Fam.
Code Ann. ' 51.03 (Vernon Supp. 2004-05).





[2]  See Tex. Pen.
Code Ann. ' 22.041(c) (Vernon 2003).





[3]  Appellant also argues that the trial
court erred in making the following findings: 
(1) that no community-based intermediate sanction is available to
adequately address the needs of the juvenile or to adequately protect the needs
of the community; and (2) that the gravity of the offense requires that the
juvenile be confined to a secure facility. 
However, these findings made by the trial court are not required by
statute in order to commit a juvenile to the Texas Youth Commission.  See Tex.
Fam. Code Ann. ' 54.04(i) (Vernon Supp.
2004-05).  Therefore, we will not address
these findings as our conclusion would not affect the disposition of this
appeal.