MEMORANDUM OPINION

 

No. 04-05-00913-CV


IN THE MATTER OF L.A.M.

From the 289th Judicial District Court, Bexar County, Texas

Trial Court No. 2005-JUV-02592

Honorable Carmen Kelsey , Judge Presiding





Opinion by: Phylis J. Speedlin , Justice



Sitting: Sandee Bryan Marion, Justice 

 Phylis J. Speedlin, Justice

 Rebecca Simmons, Justice

 

Delivered and Filed: September 13, 2006



AFFIRMED

 Appellant, L.A.M., a juvenile, appeals from a disposition order committing him to the Texas Youth Commission for an
indeterminate period. We affirm the trial court's judgment.

Background 

On October 24, 2005, the State filed an original petition alleging that L.A.M., a thirteen year-old, engaged in delinquent
conduct by committing aggravated assault with a deadly weapon. An adjudication hearing was held on November 4, 2005,
at which L.A.M. pled true to the charge in an open plea. Subsequently, on November 18, 2005, the juvenile court held a
disposition hearing at which he was committed to the Texas Youth Commission (TYC). L.A.M. timely filed this appeal. 

Analysis

 On appeal, L.A.M. asserts that (1) the evidence was legally and factually insufficient to commit L.A.M. to TYC; (2) he
retained rights under the Individuals with Disabilities Education Act ("IDEA") (1) though he was also subject to the
jurisdiction of the juvenile court; and (3) the juvenile court abused its discretion in considering unadjudicated conduct
subject to the IDEA without showing that the child's rights and remedies under IDEA were fulfilled and exhausted.

 Standard of Review 

 A juvenile court possesses broad discretion to determine a suitable disposition for a child who has been adjudicated as
having engaged in delinquent conduct. In re K.J.N., 103 S.W.3d 465, 465-66 (Tex. App. -- San Antonio 2003, no pet.). A
court abuses its discretion when it acts in an unreasonable or arbitrary manner, or without reference to any guiding rules or
principles. In re K.J.N., 103 S.W.3d at 466. However, we review evidentiary challenges under an abuse of discretion
standard divorced from legal and factual sufficiency standards. In re K.T., 107 S.W.3d 65, 67 (Tex. App. -- San Antonio
2003, no pet.). While we must "defer to the trial court's findings of fact" we will decide de novo "whether the facts
supported by the record justify the trial court's disposition order in light of the purposes of Texas' Juvenile Justice Code." 
Id. The Texas Family Code permits a trial judge to commit a child to TYC if: (1) it is in the child's best interest to be
placed outside the home; (2) reasonable efforts were made to prevent or eliminate the need for the child's removal from the
home; and (3) while in the home, the child cannot receive the quality of care and level of support and supervision needed to
meet the conditions of probation. Tex. Fam. Code Ann. § 54.04(i) (Vernon Supp. 2006). 

 Legal and Factual Sufficiency

 In his first and fourth issues, L.A.M. contends that the evidence does not support the determinations made by the juvenile
court pursuant to the Texas Family Code § 54.04(i). Specifically, L.A.M. claims that the facts do not justify disposition "in
light of the purposes of the Texas Juvenile Justice Code," and that "there was no evidence to support the trial court's finding
that the child's needs were beyond the probation department's ability to rehabilitate." Further, L.A.M. asserts that his
"behavioral problems" can be curbed with medication and it is only because his mother lost her Medicare benefits that he
was not on the medication at the time of this offense. Accordingly, he claims the evidence was legally and factually
insufficient to conclude that TYC commitment was necessary. 

 A juvenile court has specific authority to commit a juvenile to TYC if the child engaged in delinquent conduct considered a
felony. Tex. Fam. Code. Ann. § 54.04(d)(2)(Vernon Supp. 2006). Here, the record reflects that L.A.M. judicially confessed
to committing a felony aggravated assault and entered a plea of true. At the conclusion of the disposition hearing, the trial
court made several findings, including the following: (1) it was in L.A.M.'s best interest to be placed outside his home and
reasonable efforts were made to prevent or eliminate the need for his removal and to make it possible for him to return; (2)
the quality of care and the level of support and supervision he needs to meet the conditions of probation cannot be met in
the home; (3) after considering the prospect of the public's adequate protection, it is in society's best interest for L.A.M. to
be committed to TYC; and (4) L.A.M.'s "needs are beyond the probation department's ability to rehabilitate." See Tex. Fam.
Code. Ann. § 54.04(i). The court found that even though the purposes of the Juvenile Justice Code are to be achieved "in a
family environment whenever possible," commitment in L.A.M.'s case was necessary. Tex. Fam. Code Ann. § 51.01(5)
(Vernon 2002). In making its findings, the juvenile court reviewed the stipulated evidence, including the Bexar County
Juvenile Probation Department pre-disposition report, containing details of L.A.M.'s past conduct. In particular, L.A.M.
was on probation for a prior assault at the time he committed the aggravated assault. The report also documented L.A.M.'s
behavior problems both at home and at school. At home, L.A.M. was disrespectful, did not follow household rules or listen
to his mother, and he had been "physically aggressive" toward his sisters. At school, L.A.M. received several citations in
the 2004-05 school year due to his behavior; most significantly, he was suspended for approaching a teacher with a pencil
"in a threatening manner." See In re K.T., 107 S.W.3d at 75-76. Based on our review of the record, we conclude that the
trial court had legally and factually sufficient evidence to support its finding that commitment to TYC was in L.A.M.'s best
interest. Therefore, L.A.M.'s first and fourth issues are overruled.

 Individuals with Disabilities Education Act

 In his second and third points of error L.A.M. raises issues relating to the Individuals with Disabilities Education Act. (2) 
Specifically, in his second issue, he asserts that he retained special educational rights under the IDEA even though he was
subject to the jurisdiction of the juvenile court. Indeed, the record shows that prior to being adjudicated delinquent, L.A.M.
was receiving special education instruction at Pickett Academy. L.A.M. was diagnosed with emotional disturbance,
"attention hyperactivity disorder," and a learning disability. Yet L.A.M. has cited no authorities suggesting that the IDEA
prevents a juvenile court from acting to commit a juvenile, who has been adjudicated delinquent, to TYC. The authority of
the juvenile court to commit L.A.M. to TYC is not limited by the IDEA. Honig v. Doe, 484 U.S. 305, 327 (1988); In re
P.E.C., No. 04-05-00859-CV, 2006 WL 1994223, at *3 (Tex. App.--San Antonio July 19, 2006, no pet. h.). IDEA applies
only to state or local school authorities; it has no application to state court proceedings involving a juvenile who has been
adjudicated delinquent. See 20 U.S.C.A. § 1415(j); Honig, 484 U.S. at 327; In re P.E.C., 2006 WL 1994223, at *3. The
proper avenue through which to challenge L.A.M.'s educational placement is by invoking the administrative procedures set
forth in the IDEA, and by instituting a civil action in federal district court once the administrative remedies have been
exhausted. 20 U.S.C.A. § 1415(f),(i); In re P.E.C., 2006 WL 1994223, at *3. Moreover, L.A.M. would bear the burden of
proving that his educational placement is inappropriate in such a proceeding. See Schaffer, 126 S.Ct. at 536-37. 
Accordingly, L.A.M.'s second issue based on his "retaining" rights under IDEA is overruled.

 Additionally, L.A.M. claims in his third issue that "the juvenile court abused its discretion in considering the unadjudicated
alleged threatening behavior toward a teacher in committing L.A.M. to TYC as it was a condition that [was] the subject of
rights under the [IDEA] and the State failed to show that the child's rights and remedies provided under said act were
fulfilled and exhausted." To preserve an error for review, a party must object in a timely and specific manner. Tex. R. App.
P. 33.1. Here, the disposition hearing record does not reflect any mention of the IDEA. The Bexar County Juvenile
Probation Department predisposition report, containing the information challenged by L.A.M., was admitted into evidence
after L.A.M.'s attorney announced he had "no objection." By failing to preserve error, L.A.M. waived his complaint that the
court abused its discretion by admitting and considering his prior conduct. Tex. R. App. P. 33.1. Moreover, the trial court is
authorized to consider prior referrals and adjudications in determining whether to commit a juvenile. In re K.T., 107 S.W.3d
at 75-76; see also In re A.W., 147 S.W.3d 632, 636-38 (Tex. App.--San Antonio 2004, no pet.). 

 Based on the record before us, we hold that the trial court did not abuse its discretion in committing L.A.M. to the Texas
Youth Commission. The judgment of the trial court, therefore, is affirmed.

 Phylis J. Speedlin , Justice



























1. 20 U.S.C.A. §1400 et seq. (West Supp. 2006).

2. The IDEA is a federal act that seeks "to ensure that all children with disabilities have available to them a free appropriate
public education that emphasizes special education and related services designed to meet their unique needs and prepare
them for further education, employment, and independent living." 20 U.S.C.A. § 1400(d)(1)(A); Schaffer v. Weast, 126
S.Ct. 528, 531 ( 2005). Under the IDEA, a state or local educational agency must create an "individualized education
program" (IEP) for each disabled child. 20 U.S.C.A. § 1414(d). If parents believe their child's IEP is inappropriate, they
may request an "impartial due process hearing." 20 U.S.C.A. §1415(f). At an administrative hearing challenging an IEP,
the parents bear the burden of proving the IEP is inappropriate. Schaffer, 126 S.Ct. at 537. The IDEA authorizes any party
aggrieved by the results of an administrative hearing to bring a civil action in a federal district court or state court of
competent jurisdiction. 20 U.S.C.A. §1415(i)(2)(A).