*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-08-00301-CV

**IN THE MATTER OF A.R.T.**

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-JUV-02460B
Honorable Carmen Kelsey, Judge Presiding

Opinion by:      Catherine Stone, Justice

Sitting:         Catherine Stone, Justice
                 Phylis J. Speedlin, Justice
                 Steven C. Hilbig, Justice

Delivered and Filed:   November 19, 2008

AFFIRMED

This is an appeal from a trial court's modification of a juvenile order of disposition. On appeal, A.R.T. argues the trial court abused its discretion by committing him to the Texas Youth Commission ("TYC"). We affirm.

On October 19, 2006, A.R.T., a minor, entered a plea of true to one count of theft $1,500 to $20,000, a state jail felony. The trial court placed A.R.T. on probation for a period of 18 months and ordered him into the custody of the Chief Bexar County Juvenile Probation Officer for purposes of secure placement. A.R.T. completed his program at the Cyndi Taylor Krier Correctional Treatment Center on July 27, 2007, and was released into his mother's custody and placed under the Aftercare Program supervision. A.R.T., however, was referred to the Juvenile Probation Department on two

separate occasions during December 2007 when he committed the offenses of burglary of a vehicle and possession of prohibited knuckles.[1]

On March 5, 2008, the State filed a motion to modify disposition, alleging A.R.T. had violated two of the conditions of his probation. Specifically, the State alleged A.R.T. had violated his probation by remaining out past his curfew and committing new criminal acts in violation of the law. A.R.T. appeared at the hearing on the State's motion to modify disposition and stipulated to the State's evidence. He then pled true to both probation violations.

The State encouraged the trial court to commit A.R.T. to the TYC following A.R.T.'s plea of true, citing A.R.T.'s referral history since 2004. The Juvenile Probation Department also recommended A.R.T.'s commitment to the TYC. The Predisposition Report prepared by the Juvenile Probation Department stated that A.R.T. tested positive for marijuana on March 4, 2008 when he was referred to the Department for his active juvenile warrant. According to the Predisposition Report, A.R.T. is affiliated with the tagging crew of "Tokin Kronic" and smokes marijuana at least once a week with a friend. The Predisposition Report also stated that A.R.T. stopped residing with his mother and failed to allow the Juvenile Probation Department to adequately supervise him following his release from jail in December 2007. The Predisposition Report noted that A.R.T. was placed on "AWOL status" by the Juvenile Probation Department for more than two months as a result of his conduct. The Predisposition Report further indicated that the Juvenile Probation Department has exhausted all services on A.R.T.

A.R.T. argued against commitment, emphasizing that he would not get his medications for his depression, psychosis, and sleep disturbances if the court committed him to the TYC. A.R.T.

---

[1] The record shows A.R.T. was charged as an adult for these offenses on January 2, 2008 and was placed on deferred adjudication community supervision for one year.

encouraged the court to continue him on probation and, if necessary, require him to wear an electronic monitoring device. The juvenile court, however, agreed with the recommendations of the State and the Juvenile Probation Department, and ordered A.R.T.'s commitment to the TYC. This appeal followed.

A trial court has broad discretion in determining the suitable disposition for a juvenile who has engaged in delinquent conduct. *In re K.J.N.*, 103 S.W.3d 465, 465-66 (Tex. App.—San Antonio 2003, no pet.). Absent an abuse of discretion by the trial court, we will not disturb the court's determination. *Id.* at 466. A court abuses its discretion by committing an act that is arbitrary, unreasonable, or without reference to guiding rules and principles. *Id.* The Texas Family Code provides the guiding rules and principles for juvenile cases involving commitment outside the child's home. *Id.* The Family Code permits a trial court to commit a child to the TYC if: (1) it is in the child's best interest to be placed outside the home; (2) reasonable efforts have been taken to prevent or eliminate the need for the child's removal from home; and (3) while in the home, the child cannot receive the quality of care and level of support and supervision needed to meet the conditions of probation. TEX. FAM. CODE ANN. § 54.04(i) (Vernon Supp. 2008).

A.R.T. argues that committing him to the TYC was not the proper disposition because a continuation of his probation was a more appropriate disposition. The record, however, supports the trial court's finding that commitment to the TYC was a suitable disposition for A.R.T. The evidence stipulated to by the parties shows that A.R.T. was first referred to the Juvenile Probation Department for graffiti in July 2004. Although the charge was ultimately dismissed, A.R.T. was arrested for possession of marijuana and referred to the Probation Department approximately a year later. A.R.T. initially received a deferred prosecution contract for the possession charge, but A.R.T.

violated the terms of his agreement shortly thereafter. A.R.T. later pled true to the offense of possession of marijuana and was placed on six months probation in March 2006.

A.R.T. proceeded to violate the terms of his probation by testing positive for marijuana and cocaine in April 2006. The State filed a motion to modify disposition in response to A.R.T.'s probation violation, but A.R.T. failed to appear in court. A warrant was issued for A.R.T.'s arrest and A.R.T. was again referred to the Juvenile Probation Department. A.R.T. pled true to violating the terms of his probation in August 2006, and had his probation extended for one year by the trial court. Less than a month after the court's continuation of A.R.T.'s probation, A.R.T. committed the underlying offense of theft $1,500 to $20,000. Despite receiving 18 months probation for his theft offense and spending part of his probationary period in Krier and the Aftercare Program, the record shows that A.R.T. persisted in engaging in negative behavior upon returning to his mother's custody. Not only did he resume using drugs, A.R.T. left home, did not allow the Juvenile Probation Department to properly supervise him, and committed new criminal acts (burglary of a vehicle and possession of prohibited knuckles) in violation of the law.

We believe the record amply confirms that less restrictive alternatives were not successful in rehabilitating A.R.T. A.R.T. persisted in engaging in negative behavior while on probation notwithstanding the support he received from the Juvenile Probation Department. As a result, we cannot say the trial court abused its discretion in committing A.R.T. to the TYC. A.R.T.'s appellate complaint is therefore overruled.

The trial court's disposition order is affirmed.


                                                    Catherine Stone, Justice


-4-