COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |
|---|---|
| § | No. 08-09-00114-CV |
| § | Appeal from the |
| § | 289th District Court |
| IN THE MATTER OF J.V.M. § | of Bexar County, Texas |
| § | (TC#2009-JUV-00247) |
| § | |

**O P I N I O N**

In his sole issue, Appellant, a juvenile, contends that the trial court abused its discretion when it placed him on probation in a facility other than his home. We disagree.

**BACKGROUND**

Several days before turning seventeen, and after stipulating and pleading true to the allegations without any agreement between Appellant and the State, Appellant was adjudicated for the misdemeanor offense of delinquent conduct in the form of assault causing bodily injury to his 14-year old ex-girlfriend. TEX. PENAL CODE ANN. §§ 22.01(a)(1) & (b) (Vernon Supp. 2009). At the disposition hearing, the trial court considered the underlying facts of the case which included a written police report stating that Appellant struck the complaining witness in the head approximately 30 times because Appellant's brother was standing too close to her, and knocked her down and struck her on the back with a stool. In the written report, the police officer who was dispatched to the scene noted that when he entered the residence, he heard Appellant say, "What the fuck were you doing, bitch?" The officer observed that the complaining witness was bleeding from her nose and had visible injuries to her face, which was scratched and swollen around her eyes, and also found

blood on a wall and the carpet. The trial court considered other evidence which included, but was not limited to: (1) Appellant's gang affiliation; (2) a pre-disposition report showing Appellant's past four juvenile adjudications, including prior dispositions where he was placed on probation at home on one occasion and outside the home in three other instances, and a probation violation; and (3) pending charges for evading arrest and criminal mischief for breaking windows, an act which was allegedly preceded by Appellant's threatening phone call to his child's mother in which he asserted that he would rather kill the child than pay child support. The pre-disposition report also showed that Appellant lived with his mother and possibly his father, had numerous incidents of behavioral and assaultive problems toward staff and other juveniles at the Krier Facility leading to his discharge from that facility, had been committed to the Texas Youth Commission for a period of one year and nine months after his fourth juvenile adjudication, and had a history of mild drug use. Appellant had also been diagnosed with bipolar disorder as well as attention-deficit hyperactivity disorder.

Appellant addressed the trial court, stating that he was maturing, had thought about his situation, and would like another chance to redirect himself before turning eighteen years old. The trial court noted that Appellant had been before the court since age 10, had been "placed" twice before, had been to the Texas Youth Commission, and observed that Appellant and the trial court had been trying to "get everything together for [Appellant] for a long time." The trial court read and considered a letter prepared by Appellant, informed Appellant that she liked him, and stated that she believed Appellant could accomplish the goals set forth in his letter if he would "get [his] act together."

Both the State and Appellant's probation officer recommended that Appellant be placed on probation in the custody of the Chief Probation Officer for the purpose of placement until age 18. Appellant informed the trial court, "[T]he only issue that we wish to address is the placement issue,

Your Honor." This was the only comment made by Appellant regarding the recommended disposition in this case. Appellant never specified his objections to placing Appellant on probation outside the home nor did he show any basis or present any evidence to support home-based probation. Although Appellant's mother was present at the hearing, no evidence was presented showing that Appellant, either in his own home or the home of a family member, could be provided the quality of care and level of support and supervision that he would need to meet the conditions of probation. Our review of the record shows that Appellant refused to sign the form setting forth the terms and conditions of his probation.

At the conclusion of the hearing, the trial court announced a need for disposition in the case for Appellant's rehabilitation and for the protection of the public. The trial court followed the recommendation of the State and probation officer, placing Appellant on probation in the custody of the Chief Probation Officer for the purpose of placing Appellant in a facility, not in his parents' home, and imposing other requirements and restrictions, until Appellant reached age 18.

In its Order of Disposition, the trial court made affirmative findings "[t]hat the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation," and "[t]hat it is in the best interest of the child and for the child's health, safety, morals and education, that the child be placed on probation in the care, custody and control of the Chief Juvenile Probation Officer[.]" Additionally, the trial court's disposition order includes findings that it was in Appellant's best interest to be placed outside his home, that reasonable efforts were made to prevent or eliminate the need for his removal from his home and to make it possible for Appellant to return to his home, and that the placement of Appellant outside the home was the appropriate disposition, in part due to Appellant's "long and extensive history with [the] probation department."

The trial court entered additional written findings that: (1) reasonable efforts had been made to prevent or eliminate the need for Appellant to be removed from his home; (2) Appellant had previously been placed on probation by the court; (3) "[t]he child and/or family was previously referred to the following community, court, or educational programs: Residential Placement (Meadowlands, Krier);" and (4) "[t]he child and/or family was previously referred to the following counseling or psychological services: Family Counseling at the Cindy Krier Facility & Youth Alternatives."

## DISCUSSION

Appellant complains that the trial court's decision to place Appellant on probation in a facility outside his home was an abuse of discretion because none of the purposes set forth in Section 54.04(i) of the Texas Family Code were better served than if Appellant had received home-based probation. TEX. FAM. CODE ANN. § 54.04(i) (Vernon Supp. 2009). We affirm the trial court's decision.

### Standard of Review

Deciding this case in accordance with the precedence of the transferor court, the Fourth Court of Appeals in San Antonio, we review the trial court's disposition order under the criminal abuse of discretion standard, without implementing the traditional evidentiary standards of legal and factual sufficiency. TEX. R. APP. P. 41.3; *In re K.T.*, 107 S.W.3d 65, 74-75 (Tex. App.–San Antonio 2003, no pet.); *In re J.G.*, 195 S.W.3d 161, 187 (Tex. App.–San Antonio 2006, no pet.) (holding that where appellant complained about the trial court's disposition-order findings under § 54.04(i), the appellate court would apply an abuse-of-discretion standard, divorced from the evidentiary standards of legal and factual sufficiency). In conducting our review, we defer to the lower court's findings of fact, but determine *de novo* whether the facts supported by the record justify the disposition order, in light of

the purposes of the Texas Juvenile Code. TEX. FAM. CODE ANN. § 51.01 (Vernon 2008); *In re K.T.*, 107 S.W.3d at 67, 75. We "'view the evidence in the light most favorable to the trial court's ruling,' affording almost total deference to findings of historical fact that are supported by the record." *In re K.T.*, 107 S.W.3d at 75, *quoting Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When a resolution of factual issues does not turn upon an evaluation of the witnesses' credibility or demeanor, we review *de novo* the trial court's determination of law and its application of law to the facts. *In re K.T.*, 107 S.W.3d at 75. A trial court has broad discretion in determining a suitable placement for a child adjudicated for delinquent conduct. *In re K.J.N.*, 103 S.W.3d 465, 465-66 (Tex. App.–San Antonio 2003, no pet.). A trial court's ruling will not be disturbed absent an abuse of discretion, which only occurs if the trial court acts unreasonably and without reference to guiding rules and principles. *Id.* at 466.

### Texas Family Code

Section 54.04 of the Texas Family Code provides that a juvenile proceeding may consist of an adjudication hearing and a disposition hearing. *See* TEX. FAM. CODE ANN. § 54.04(a) (Vernon Supp. 2009). At the adjudication hearing, the court or jury must determine whether the juvenile has "engaged in delinquent conduct or conduct indicating a need for supervision . . . ." TEX. FAM. CODE ANN. § 54.03(a) (Vernon Supp. 2009). If the trial court determines that a juvenile has engaged in delinquent conduct or conduct indicating a need for supervision, the court conducts a separate and distinct disposition hearing subsequent to the adjudication hearing.[1] TEX. FAM. CODE ANN. §§ 54.03(a) & 54.04(a) (Vernon Supp. 2009). Unless the court or jury finds the child is in need of rehabilitation or the protection of the public or the child requires that disposition be made, the court

---

[1] "'[D]isposition is a euphemism for sentencing[ ] and is used to honor the non-criminal character of the proceedings.'" *In re K.T.*, 107 S.W.3d at 67, *quoting In re C.S.*, 804 A.2d 307, 309 n.2 (D.C. App. 2002).

must dismiss the child and enter a final judgment without any disposition. TEX. FAM. CODE ANN. § 54.04(c) (Vernon Supp. 2009). If the trial court finds that the child is in need of rehabilitation or that the protection of the public or of the child requires disposition, it may place the child on probation. TEX. FAM. CODE ANN. § 54.04(d) (Vernon Supp. 2009). No disposition placing a child on probation outside the child's home is permitted unless the trial court or jury finds that the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of the probation. TEX. FAM. CODE ANN. §§ 54.04(c) & 54.04(d)(1)(B) (Vernon Supp. 2009). The trial court may place the child on probation in a suitable foster home, a suitable public or private residential treatment facility, or a suitable public or private post-adjudication secure correctional facility as permitted under the Texas Family Code. *See* TEX. FAM. CODE ANN. § 54.04(d)(1)(B)(i), (ii), & (iii) (Vernon Supp. 2009). The trial court must specifically state its reasons for the disposition in its order and must include the terms of probation therein. TEX. FAM. CODE ANN. § 54.04(f) (Vernon Supp. 2009). When a trial court places a child on probation outside the child's home or commits the child to the Texas Youth Commission, the court must, in part, include in its disposition order determinations: (1) that it is in the child's best interests to be placed outside the child's home; (2) that reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the child's home; and (3) that the child, in the home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation. TEX. FAM. CODE ANN. §§ 54.04(i)(1)(A), 54.04(i)(1)(B), 54.04(i)(1)(C) (Vernon Supp. 2009).

*Application*

Without again reciting the litany of facts which the trial court had before it at the disposition hearing, we note that the trial court was presented with and considered evidence that Appellant was

affiliated with a gang, had previously been adjudicated, had been placed on probation both within and outside his home, had other charges pending, and had badly beaten his 14-year old ex-girlfriend because Appellant's brother was standing "too close" to her. In its written disposition order, the trial court made each finding required by Texas Family Code Section 54.04(i)(1), including a finding that Appellant could not be provided the quality of care and level of support and supervision that he needed to meet the terms of probation, in part due to his long and extensive history with the probation department. TEX. FAM. CODE ANN. §§ 54.04(i)(1)(A), 54.04(i)(1)(A)(B), 54.04(i)(1)(A)(C) (Vernon Supp. 2009). The trial court's findings are supported by evidence of Appellant's extensive, near seven-year history of delinquent behavior, adjudications, probation within and without his home, repeated counseling attempts, his diagnoses of bipolar disorder and attention-deficit and hyperactivity disorder, and placement at Texas Youth Commission. Because the trial court, in exercising its broad discretion in determining a suitable placement for Appellant, properly determined and applied the law to the facts of this case when it ordered Appellant to serve probation outside his home, we find that the trial court did not abuse its discretion. TEX. FAM. CODE ANN. § 54.04(d)(1)(B) (Vernon Supp. 2009); *In re K.J.N.*, 103 S.W.3d at 465-66. Appellant's sole issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

June 23, 2010

Before Chew, C.J., McClure, and Rivera, JJ.