*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★       ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00591-CV

In the **MATTER OF D.W.H. JR.**

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-JUV-01413B
Honorable Carmen Kelsey, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:          Catherine Stone, Chief Justice
                 Sandee Bryan Marion, Justice
                 Steven C. Hilbig, Justice

Delivered and Filed:    September 15, 2010

AFFIRMED

D.W.H. Jr., a juvenile, appeals the trial court's order committing him to an indeterminate

sentence in the Texas Youth Commission. D.W.H. Jr. argues the trial court abused its discretion

because probation would have been a more appropriate disposition. We affirm the disposition order.

## BACKGROUND

The Converse Police Department received a report of a disturbance on April 10, 2009. While

responding to the call, Sergeant Jeff Shook saw a car matching the description given in the

disturbance call. The car had been reported stolen several days earlier. Sergeant Shook, who was

in uniform and driving a marked police department motorcycle, turned to follow the car. When the

driver of the car sped up, Sergeant Shook activated his lights and siren. The driver of the car sped

away, reaching speeds of up to fifty miles an hour in a neighborhood, and ran several stop signs. Sergeant Shook briefly lost sight of the car, and when he came upon it again, he found it had been abandoned. Two Converse Police Department officers who had responded to Sergeant Shook's call for backup saw two boys on foot in the vicinity of the abandoned car. When the officers identified themselves, the boys began to run. The officers pursued them on foot, ordering them to stop. The boys continued to flee until other officers arrived and detained them. Sergeant Shook identified D.W.H. Jr. as the person who had been driving the car.

A jury found D.W.H. Jr. engaged in delinquent conduct of unauthorized use of a vehicle, evading detention with a vehicle, and evading detention. The State recommended placement in the Texas Youth Commission. At the disposition hearing, the trial court heard testimony from D.W.H. Jr.'s family, and considered the predisposition report, letters of support, a court-ordered post-adjudication psychological evaluation, and records from the Bexar County Juvenile Detention Center.

The predisposition report prepared by the Bexar County Juvenile Probation Department states sixteen year-old D.W.H. Jr. lived with his mother and stepfather. He had a strained relationship with his stepfather, and his mother was unable to control him. D.W.H. Jr.'s mother reported he had a history of running away when he had a disagreement with his stepfather and he had taken her car without permission. The report states D.W.H. Jr. has a history of being truant, and is failing most of his classes. He was involved in a gang, but denied being an active member. D.W.H. Jr. was first referred in 2008 for truancy and for assault bodily injury for assaulting a schoolmate. He was on probation for six months for that offense, but was "closed unsuccessfully." The predisposition report

states D.W.H. Jr. "refused to make himself available to services provided by the Probation Department." D.W.H. Jr. received a referral in June 2008 for assaulting a school staff member; this offense was taken into consideration by the court. In February 2009, D.W.H. Jr. was referred for criminal trespass. He was released and placed on an electronic monitor. D.W.H. Jr. was on the monitor when he committed the current offenses. The Bexar County Juvenile Probation Staffing Committee and D.W.H. Jr.'s probation officer recommended commitment to the Texas Youth Commission.

D.W.H. Jr. was held in the Bexar County juvenile detention center while the current charges were pending. Incident reports of D.W.H. Jr.'s misbehavior during the three months he was at that facility include seven incidents of "inciting", two reports of assaulting a peer, two refusals of assignments, one fight, and one report of refusing a directive.

D.W.H. Jr.'s mother, aunt, step-grandmother, and grandfather testified at the disposition hearing. In addition, the court received letters from D.W.H. Jr.'s pastor, a family friend, and his stepfather. The evidence reflected D.W.H. Jr. has a close-knit, supportive family, who want to help him and see him succeed. They attribute his behavior problems to unaddressed psychological problems and a recent change in friends. They agree D.W.H. Jr. is in need of therapy, but do not believe he will receive the appropriate help in Texas Youth Commission. After hearing the family's testimony, the trial court recessed the disposition hearing and ordered a psychological evaluation of D.W.H. Jr.

Dr. Johanna W. Guerrero conducted the evaluation and prepared a report, which the trial court reviewed. Dr. Guerrero concluded D.W.H. Jr. required treatment to address behavioral and

substance abuse issues.[1] She noted that previous interventions have not deterred D.W.H. Jr.'s maladaptive and illegal behaviors. D.W.H. Jr.'s history indicates he has not allowed himself to be supervised even under restrictive conditions such as probation, an electronic monitor, and detention, and he continued to associate with peers who are a negative influence. Dr. Guerrero recommended D.W.H. Jr. participate in individual therapy, group therapy, family therapy, and substance abuse treatment. She believed D.W.H. Jr. would be most likely to benefit from treatment at a facility that can manage his disruptive behaviors and provide a highly structured environment that encourages accountability. D.W.H. Jr.'s behavior since he had been at the detention center led the doctor to conclude D.W.H. Jr. would not be successfully discharged if placed on probation in a secured facility. She expected his behavior to be equally or more disruptive at a secured placement than at the detention center because such facilities typically provide an environment that is more lenient than detention. She stated that most such facilities are not equipped to manage highly disruptive and assaultive behaviors. Further, she believed D.W.H. Jr. would likely disrupt programming for other adolescents at a secured facility. Because unsuccessful discharge from any placement facility would prolong his involvement with the legal system and delay his participation in effective treatment, Dr. Guerrero believed the best placement for D.W.H. Jr. is Texas Youth Commission.

After hearing and considering the evidence, the juvenile court found D.W.H. Jr. was in need of rehabilitation and ordered him committed to the Texas Youth Commission. The court told D.W.H. Jr. the reasons for the disposition were the recommendations of the juvenile probation

---

[1] The report indicates D.W.H. Jr. admitted marijuana use to Dr. Guerrero, but he refused to discuss the frequency or severity of use.

department and the psychologist and D.W.H. Jr.'s consistent misbehavior at the detention center. The court noted D.W.H. Jr. was unsuccessful at the detention center, which is much more regimented and secure than the secure placement his attorney asked he be placed in. The court stated D.W.H. Jr. was "in need of a secure and structured environment beyond the abilities of the juvenile probation department," and that commitment was necessary for the protection of the public and D.W.H. Jr.'s rehabilitation. Likewise, the disposition order states commitment to the Texas Youth Commission is appropriate because D.W.H. Jr. is "in need of a secure and structured environment; followed recommendation of the State, probation department, and psychologist and disruptive and assaultive behavior in detention center."

## DISCUSSION

The juvenile court has broad discretion to determine the suitable disposition for a child who has been adjudicated as having engaged in delinquent conduct. *In re K.J.N.*, 103 S.W.3d 465, 465-66 (Tex. App.—San Antonio 2003, no pet.). When the adjudication is for conduct that is a felony,[2] the trial court may commit the juvenile to the Texas Youth Commission if it finds (1) placement outside the home is in the juvenile's best interests, (2) reasonable efforts were made to prevent or eliminate the need for removal from the home, and (3) the juvenile cannot be provided in the home with the quality of care and level of support and supervision he needs to meet the conditions of probation. TEX. FAM. CODE ANN. § 54.04(d)(2), (i) (Vernon Supp. 2009). We review the trial court's disposition for abuse of discretion. *In re K.T.*, 107 S.W.3d 65, 67, 74-75 (Tex. App.—San

---

[2] Unauthorized use of a motor vehicle and evading detention with a vehicle are state jail felonies. *See* TEX. PENAL CODE ANN. § 31.07 (Vernon 2003), §38.04 (Vernon Supp. 2009).

Antonio 2003, no pet.). In conducting our review, we "'view the evidence in the light most favorable to the trial court's ruling', affording almost total deference to findings of historical fact that are supported by the record." *Id.* at 75 (quoting *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).

D.W.H. Jr. acknowledges he needs the therapy and treatment Dr. Guerrero recommended; however, he contends he could receive these through a secure probation placement. He further argues the recommendation of family therapy would be better implemented in a probation context, and that the purposes of the Juvenile Justice Code would be better served by placing him in a secure probation facility instead of Texas Youth Commission.

Although D.W.H. Jr. could receive therapy and treatment outside of Texas Youth Commission, the record supports the trial court's disposition. The evidence reflects D.W.H. Jr. did not respond to supervision at home or from the probation department. He did not respond appropriately to supervision in the juvenile detention center, engaging in rebellious and assaultive behavior. The available secured placement facilities are not suited to handle such behavior and the behavior would be disruptive to other juveniles in the facility. We conclude the trial court acted within its discretion in committing D.W.H. Jr. to the Texas Youth Commission. We therefore affirm the trial court's disposition order.

Steven C. Hilbig, Justice