Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-09-00807-CV

### IN THE MATTER OF A.H.J.

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-JUV-01247
Honorable Carmen Kelsey, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:        Karen Angelini, Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  September 29, 2010

AFFIRMED

This appeal arises from the trial court's order modifying A.H.J.'s disposition. The modification extended his probation for a period of one year and placed him in the custody of the Chief Juvenile Probation Officer of Bexar County. We affirm the order of the trial court.

### BACKGROUND

On May 18, 2009, A.H.J., a juvenile, entered a plea of true to the charges of engaging in delinquent conduct for committing the misdemeanor offense of possession of marihuana. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(1) (West 2010). A.H.J. further acknowledged that he dealt drugs. Pursuant to a plea agreement, the trial court placed A.H.J. on probation for a one-year period and placed A.H.J. in the custody of his aunt. Less than six

months later, the State filed an Original Motion to Modify Disposition alleging that, on September 20, 2009, A.H.J. violated Condition Number Six of his probation by leaving the residence without permission. A.H.J. entered a plea of true.

The trial court considered the recommendations of: (1) the State (commitment to the Texas Youth Commission); (2) the probation department (extension of probation, but placement outside the home); and (3) A.H.J.'s counsel (extension of probation, but placement in the home). A.H.J.'s mother explained that although she wanted A.H.J. home, she sought "what's best" and agreed that A.H.J. "need[ed] behavior modification." The trial court found that A.H.J. violated the terms of his probation; extended his probation for a period of one year; and placed him "in the care, custody and control" of the Chief Probation Office of Bexar County for the purpose of placement outside the home. On appeal, A.H.J. argues the trial court abused its discretion in placing him outside the home.

## STANDARD OF REVIEW

Because "[a] juvenile judge has broad discretion to determine the proper disposition of a child who has been adjudicated as engaging in delinquent behavior," its determination on this question will not be disturbed absent an abuse of discretion. *In re K.J.N.*, 103 S.W.3d 465, 465–66 (Tex. App.—San Antonio 2003, no pet.). A trial court abuses its discretion when it "acts unreasonably or arbitrarily and without reference to guiding rules and principles." *Id.* at 466. We review a trial court's disposition order under the criminal abuse of discretion standard "divorced from evidentiary standards of legal and factual sufficiency." *In re K.T.*, 107 S.W.3d 65, 74 (Tex. App.—San Antonio 2003, no pet.) (en banc). This standard requires that we view the evidence in a light most favorable to the trial court's judgment. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Thus, we afford almost total deference to the trial court's

findings of fact that are supported by the record. *In re K.T.*, 107 S.W.3d at 74. On the other hand, when the trial court's resolution of a factual issue is not dependent upon an evaluation of credibility or demeanor, "we review the trial court's determination of the applicable law, as well as its application of the appropriate law to the facts it has found, de novo." *Id.* at 75.

## TEXAS FAMILY CODE

A.H.J. contends the trial court abused its discretion in placing him on probation outside the home because the evidence indicates "that a continuation of probation at home would have been a more appropriate disposition." He contends it is more appropriate for him to remain on probation in this family environment. When a juvenile court modifies a disposition by placing a juvenile on probation outside the home, it must state its reasons for the disposition and must determine that:

> (A) it is in the child's best interest to be placed outside the home;
> (B) reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return home; and
> (C) the child, in his home, cannot be provided the quality of care and level of support and supervision the child needs to meet his probation conditions; . . . .

TEX. FAM. CODE ANN. § 54.05(i), (m)(1)(A)–(C) (West 2009). The trial court made the following findings:

(1) A.H.J. was previously adjudged to have engaged in delinquent conduct;

(2) A.H.J. violated the Conditions of Probation, which are reasonable and lawful orders pursuant to sections 54.04 or 54.05 of the Texas Family Code;

(3) A.H.J. violated Condition Number 6 by leaving home without permission;

(4) A.H.J. is in need of rehabilitation and the protection of the public and child requires that disposition be made;

(5) A.H.J. was born April 27, 1993;

(6) It is in A.H.J.'s best interest to be placed outside the home and reasonable efforts were made to prevent or eliminate the need for A.H.J's removal from the home and to make it possible for A.H.J. to return to his home;

(7) A.H.J., in his home, cannot be provided the quality of care and level of supervision that A.H.J. needs to meet the conditions of probation;

(8) The Bexar County Juvenile Probation Department is responsible for A.H.J.'s placement, care, and control in a suitable foster home, or a suitable public or private institution or agency, other than the Texas Youth Commission;

(9) It is in the best interest of A.H.J.'s health, safety, morals, and education, that A.H.J. be extended on probation in the care, custody, and control of the Chief Juvenile Probation Officer of Bexar County, Texas under the supervision of the Bexar County Juvenile Probation Department; and

(10) A.H.J.'s placement outside the home is appropriate specifically because of the need for a secure/structured environment, gang activity, history of runaway, parent unable to adequately supervise child, child has the following conduct disorders: Asperger's syndrome, bipolar disorder, ADHD, aggressive behavior, and gang affiliation.

Furthermore, the records indicate that A.H.J.'s mother reported that A.H.J. was previously in possession of knives that were "altered and appeared to resemble prison weapons," and that, in recent correspondence from A.H.J. to his father in prison, A.H.J. detailed his dealing drugs, starting a gang, and doing a "187."[1] As such, the probation officer's report strongly recommended a secure placement outside the home.

## CONCLUSION

After A.H.J. entered a plea of true, the trial court found, by a preponderance of the evidence, that A.H.J. violated a condition of his probation, which was a reasonable and lawful order of the court. *See* TEX. FAM. CODE ANN. § 54.05(f). The trial court also found placement with either his mother or aunt was unsuitable and not in A.H.J.'s best interest. *See id.* at § 54.05(m). Because the evidence substantiates the trial court's findings, we cannot say the trial court abused its discretion in extending A.H.J.'s probation for a period of one year and placing him in the custody of the Chief Juvenile Probation Officer of Bexar County. Accordingly, we affirm the trial court's order of disposition.

Rebecca Simmons, Justice

---

[1] "187" is the California Penal Code section for murder and is often used as slang and as a gang reference for murder. *See* CAL. PENAL CODE § 187 (West 2008).