

IN THE
TENTH COURT OF APPEALS

No. 10-14-00298-CV

IN THE MATTER OF J.G., A JUVENILE

From the 272nd District Court
Brazos County, Texas
Trial Court No. 122-J-14

MEMORANDUM OPINION

J.G. appeals from an order adjudicating him as a child who engaged in delinquent conduct for contempt of a court order. TEX. FAM. CODE ANN. § 53.01(a)(2)(A) (West 2014). The basis for the court order was failure to attend school, for which J.G. had pled guilty in justice court and had been placed on probation pending a compliance hearing. Prior to the date of the compliance hearing, the justice court transferred the proceeding to the juvenile court. After a hearing, the juvenile court found that J.G. was a child who had engaged in delinquent conduct because he had continued to fail to attend school after the entry of the justice court's order, which the trial court found was conduct that violates a lawful court order under circumstances which would constitute

contempt of that order.

In this appeal, J.G. complains that the trial court improperly overruled his oral objection to the petition filed by the State because it was not sufficiently specific as to the dates of J.G.'s alleged contemptuous acts and that the trial court erred by holding J.G. in contempt for violating the justice court's order after the case was transferred to the juvenile court. Because we find no reversible error, we affirm the judgment of the trial court.

On March 20, 2014, in the justice court sitting as a truancy court, J.G. pled guilty to failing to attend school on multiple dates prior to his plea. On that date, the justice court entered an order entitled "Order for Suspension of Sentence and Deferral of Final Disposition (ATT)—Failure to Attend School" which required J.G. to attend school every day unless he had a doctor's excuse. That order also required that J.G. appear before the justice court on April 30, 2014 for a compliance hearing. However, after the justice court was informed that J.G. had failed to attend school on multiple occasions, a hearing was conducted on April 24, 2014 at which time the justice court gave J.G.'s mother the option of paying a fine or having the proceeding sent to juvenile court. J.G.'s mother declined to pay the fine and the justice court transferred the proceedings to the juvenile court by order signed on April 24, 2014.

The State's petition was filed on May 7, 2014 alleging that J.G. had engaged in delinquent conduct. J.G. entered a plea of not true to the allegations and a bench trial

was conducted by the juvenile court. The juvenile court found the allegations to be true and made a finding that J.G. had engaged in delinquent conduct by failing to attend school which was conduct in violation of a lawful order of a court under circumstances that would constitute contempt. The State and J.G. entered into an agreement regarding disposition, and the juvenile court accepted the agreement of six months of probation. On appeal, J.G. complains that the adjudication order was erroneously entered.

*Specificity of Allegations*

In his first issue, J.G. complains that the juvenile court abused its discretion by overruling his oral objection to the petition filed by the State because it did not allege specific dates that J.G. failed to attend school. The petition filed by the State stated only that "on or about April 30, 2014" J.G. engaged in conduct that violated an order of the justice court by failing to attend school which would constitute contempt of court. J.G. objected to the State's petition at the beginning of the bench trial, and the juvenile court overruled his objection.

We review the juvenile court's rulings regarding the sufficiency of juvenile pleadings, including whether to grant or deny a motion to quash the pleadings or a ruling on special exceptions, for an abuse of discretion. *See In the Matter of B.P.H.*, 83 S.W.3d 400, 405 (Tex. App.—Fort Worth 2002, no pet.). The juvenile court abuses its discretion if it acts arbitrarily or unreasonably. *In the Matter of K.J.N.*, 103 S.W.3d 465, 466 (Tex. App.—San Antonio 2003, no pet.).

J.G. complains that the State's pleading of "on or about April 30, 2014" was insufficient pursuant to section 53.04(d) of the Family Code which requires that a petition must state "with reasonable particularity the time, place, and manner of the acts alleged." TEX. FAM. CODE ANN. § 53.04(d)(1) (West 2014). Additionally, in this issue J.G. contends that he could not be found in contempt until the compliance hearing that was to be conducted on April 30, 2014. He further argues that because the proceeding was transferred to the juvenile court prior to that date, there was no finding of contempt made by the justice court. J.G. also argues that there was no conviction in the justice court which is "a precursor to making a finding of contempt."

Initially, we note that although the justice court deferred the final disposition, the order entered did include a finding of guilt against J.G. for failing to attend school. Additionally, in his brief to this Court, J.G. has presented no authority in support of his position that a finding of contempt cannot be made prior to a compliance hearing or that a conviction is required prior to making a finding of contempt. The only case to which J.G. cites in his brief regarding this issue is a general reference to the standard of review and the only statute to which J.G. refers is section 53.04(d) of the Family Code. Citations to authority to support his contentions are required to properly present an issue to this Court. Therefore, these complaints are inadequately briefed, and therefore waived. *See* TEX. R. APP. P. 38.1(i). Further, we have found no authority to support J.G.'s contention that the justice court was required to defer a determination on the

transfer until the date set for the compliance hearing. Because of this, even if J.G.'s issue were properly presented, we cannot say that the juvenile court's ruling is outside of the zone of reasonable disagreement.

J.G. also presents no authority in support of his argument that the allegations in the State's petition relating to the dates of J.G.'s alleged conduct which would constitute contempt were not sufficiently specific pursuant to section 53.04(d)(2). We find also that this complaint is inadequately briefed, but also note that J.G. did not file a motion to quash or special exceptions to the State's petition. A written motion complaining of defects of pleading is necessary to preserve error, and J.G.'s failure to do so waived any objection to the form of the pleadings. *See* TEX. R. CIV. P. 90; TEX. CODE CRIM. PROC. ANN. art. 27.10. In his brief to this Court, J.G. does not complain that he did not receive adequate notice of the allegations against him or that the evidence was insufficient for the juvenile court to have found that any of the multiple dates between March 20, 2014 and the date of the filing of the State's petition that J.G. did not attend school were true. We find that the trial court did not abuse its discretion by overruling J.G.'s oral objection to the State's petition. We overrule issue one.

*Transfer to Juvenile Court*

In his second issue, J.G. complains that the trial court erred by finding that he could be held in contempt for violating the justice court's order because the proceeding had been transferred to the juvenile court as a Conduct Indicating a Need for

Supervision (CINS) case. Also, J.G. contends that the transfer order in effect extinguished the justice court's order entirely, which would mean that he could not be held in contempt for an order that he argues did not exist after the proceeding was transferred. Additionally, J.G. argues that because the proceeding was transferred to the juvenile court prior to the date of the compliance hearing, he was not afforded an opportunity to be heard as a CINS offense in a truancy case rather than as a child who engaged in delinquent conduct. J.G. does not argue that he did not in fact violate the justice court's order between the dates the order was entered and the proceeding was transferred.

The statutes relating to truancy in the Education Code, Family Code, and Code of Criminal Procedure have been amended or abolished effective September 1, 2015. *See, e.g.,* TEX. EDUC. CODE ANN. § 25.094, TEX. FAM. CODE ANN. § 51.03(b)(2), TEX. CODE CRIM. PROC. ANN. art. 54.054, *repealed by* Act of June 18, 2015, 84th Leg., ch. HB2398 (H.B. 2398), § 41, effective September 1, 2015; *see also, generally,* Act of June 18, 2015, 84th Leg., ch. HB2398 (H.B. 2398), effective September 1, 2015. However, the abolished provisions remain in effect for offenses that occurred prior to the effective date of the amendments; therefore, we will analyze J.G.'s issue pursuant to the versions of the statutes prior to the amendments. *See* Act of June 18, 2015, 84th Leg., ch. HB2398 (H.B. 2398), § 41(2), effective September 1, 2015.

Section 25.094(c) of the Education Code authorized a justice court to make a

finding that a child has failed to attend school and to enter an order requiring that the child attend school without unexcused absences. TEX. EDUC. CODE ANN. § 25.094(c), TEX. CODE CRIM. PROC. ANN. art. 45.054(a)(1)(A), *repealed by* Act of June 18, 2015, 84th Leg., ch. HB2398 (H.B. 2398), § 41(1), (2). Thereafter, if the justice court believed that a child had violated that order, the justice court had the option to refer the child to the juvenile court for delinquent conduct for contempt of court or to retain the proceeding and assess a fine of not more than $500. TEX. EDUC. CODE ANN. § 25.094(d), TEX. CODE CRIM. PROC. ANN. art. 45.050(c) *repealed by* Act of June 18, 2015, 84th Leg., ch. HB2398 (H.B. 2398), § 41(1), (2), effective September 1, 2015.

J.G.'s mother testified at the adjudication hearing that she and J.G. appeared before the justice court on April 24, 2014, at which time a hearing was conducted. At that hearing, after J.G.'s mother declined the option to pay a fine, the justice court decided to transfer the proceeding to the juvenile court. The justice court's order states that it was transferring the case to be handled as a CINS case pursuant to section 51.03(b)(1)(A) of the Family Code.[1] Other documentation provided by the justice court indicates that the case was transferred as a contempt of court proceeding. In accordance with section 53.012 of the Family Code, the prosecuting attorney reviewed the allegations and chose to file a petition alleging contempt of the justice court's March 20, 2014 order. *See* TEX. FAM. CODE ANN. §§ 51.03; 53.012.

---

[1] Family Code Section 51.03(b)(1)(A) describes fine-only misdemeanor offenses other than traffic offenses and does not relate to truancy, which is set forth in section 51.03(b)(2).

J.G. has provided this Court with no authority in support of his argument that the truancy court order was not in effect after the proceeding was transferred to the juvenile court. We believe that the relevant statutes do not support J.G.'s contention. Rather, the juvenile court was required to determine whether or not J.G. had committed conduct that would constitute contempt of the justice court's order, and the juvenile court made that determination based on J.G.'s failure to attend school after the entry of the justice court's order on March 20, 2014. We find that the trial court did not abuse its discretion by finding that J.G. had engaged in delinquent conduct by committing conduct that violates a lawful order of a court under circumstances which would constitute contempt of court. We overrule issue two.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.[2]

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed October 22, 2015
[CV06]



---

[2] The State argues that this appeal is moot because J.G.'s probation has terminated. However, the Texas Supreme Court has rejected the argument that an adjudication of delinquency should be considered moot when a juvenile's probation had been discharged, noting that "a minor should have the right to clear himself by appeal. This right should not be removed because the sentence given is so short that it expires before appellate steps can be completed." *Carrillo*, 480 S.W.2d at 617. In accordance with *Carrillo*, we do not find that this appeal is moot.