Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio





# MEMORANDUM OPINION

No. 04-11-00823-CV

## IN THE MATTER OF D.P.H.

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-JUV-01817
Judge Carmen Kelsey, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Catherine Stone, Chief Justice
            Sandee Bryan Marion, Justice
            Rebecca Simmons, Justice

Delivered and Filed:  July 11, 2012

AFFIRMED

Appellant D.P.H. was charged with engaging in delinquent conduct by committing three

felonies.  At his adjudication hearing, D.P.H. pleaded true to the allegations.  After hearing

evidence at the disposition hearing, the trial court determined it was in D.P.H.'s best interests to

be committed to the Texas Youth Commission (TYC).  D.P.H. raises one point of error on

appeal, contending that the trial court abused its discretion in committing him to the TYC instead

of placing him on probation in the custody of his parents.  We affirm the trial court's judgment.

### BACKGROUND

Two uniformed officers responded to a call that a suspect was in possession of a handgun

at a store that sells alcohol.  Upon arriving at the scene, one of the officers attempted to detain

D.P.H. because he matched the suspect's description. D.P.H. resisted the officer and attempted to flee. A struggle ensued, and the two fell onto a nearby parked car. The other officer joined the scuffle. As the officers struggled to restrain D.P.H., he refused to remove his hand from an object hidden in his pants. One of the officers could feel the object and yelled, "Gun!" D.P.H. continued to resist, maintained his grip on the object in his pants, and kicked and punched the officers. One of the officers testified that he considered shooting D.P.H. because the officer feared for his life. He also testified that D.P.H. was manipulating the gun and was trying to use it. After subduing D.P.H., the officers discovered that the object was a loaded handgun, and they also found marihuana on D.P.H.'s person.

D.P.H. was subsequently charged with engaging in delinquent conduct by committing three felonies: two counts of assault on a public servant[1] and one count of unlawfully carrying a weapon on a premises licensed to sell alcoholic beverages.[2] Without the benefit of a plea bargain, D.P.H. pleaded true at an adjudication hearing. At the disposition hearing, a probation officer recommended that D.P.H. be placed on probation. D.P.H.'s parents testified at trial that they would provide a home atmosphere that would meet the conditions of probation. However, one of the officers assaulted by D.P.H. recommended that D.P.H. be committed to the TYC. After hearing testimony, the trial court opted to commit D.P.H. to the TYC. The trial court noted its decision was based primarily on (1) the protection of the public and of D.P.H. and (2) the serious nature of the offense. D.P.H. appeals the trial court's order from the disposition hearing.

## STANDARD OF REVIEW

We review a juvenile court's determination of the proper disposition of a child adjudicated as engaging in delinquent behavior for an abuse of discretion. *In re A.W.*, 147

---

[1] TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(1) (West 2011) ("Assault").
[2] *Id.* § 46.02(a), (c) (West Supp. 2011) ("Unlawful Carrying Weapons").

S.W.3d 632, 636 (Tex. App.—San Antonio 2004, no pet.) (citing TEX. FAM. CODE ANN. § 54.04(i) (West Supp. 2010)); *In re K.J.N.*, 103 S.W.3d 465, 465–66 (Tex. App.—San Antonio 2003, no pet.). A trial court abuses its discretion when it acts unreasonably, arbitrarily, or without reference to guiding rules and principles. *In re K.J.N.*, 103 S.W.3d at 466. The guiding rules and principles associated with D.P.H.'s disposition hearing are found at section 54.04(i) of the Family Code. *See id.*; *see also* TEX. FAM. CODE ANN. § 54.04(i) (West Supp. 2010).

## COMMITMENT TO THE TEXAS YOUTH COMMISSION

In order to commit D.P.H. to the TYC, the trial court's order must have included the court's determination that

> (A) it is in the child's best interests to be placed outside the child's home;
> (B) reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the child's home; and
> (C) the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation.

*See* TEX. FAM. CODE ANN. § 54.04(i); *In re K.J.N.*, 103 S.W.3d at 466.

The evidence before the trial court showed that when D.P.H. was arrested, he was sixteen years old, out after 12:30 a.m., and in possession of a loaded handgun and marihuana. The gun was later determined to be stolen. When confronted by police, D.P.H. attempted to flee, punched and kicked two officers, and manipulated the gun while officers were attempting to subdue him. One of the officers feared for his life and thought D.P.H. would have used the weapon had he been able to free it from his pants. The trial court also heard evidence that earlier in the day before he was arrested, D.P.H. was involved in a disturbance where he brandished the weapon and threatened another person with it. Probation Officer Garcia's report showed that D.P.H. had been placed in alternative school twice in 2010: the first was for "gang related behavior," and the

second was for possession of drug paraphernalia. Additionally in 2010, D.P.H. was referred to the Bexar County Juvenile Probation Department (BCJPD) for three counts of assault with bodily injury; however, the assault counts were subsequently nonsuited.

In the trial court's judgment, the court specifically quoted the three statutory requirements for committing a juvenile to the TYC. *See* TEX. FAM. CODE ANN. § 54.04(i). In addition to including the three requirements of section 54.04(i) in the trial court's order, the court also gave specific reasons for the commitment: (1) the serious nature of the offense; (2) possession of a loaded gun; (3) D.P.H. attempted to use the gun at midnight in a store open to the public; (4) D.P.H. does not take responsibility for his actions; and (5) D.P.H. is a danger to the public. *See* TEX. FAM. CODE ANN. § 54.04(f) ("The court shall state specifically in the order its reasons for the disposition . . . .").

## A. D.P.H.'s Best Interests

The evidence supports the trial court's determination that commitment to the TYC was in D.P.H.'s best interests. D.P.H. committed a serious crime and may have committed a much more serious crime had the officers not subdued and disarmed him. The officer testified that D.P.H. was trying to manipulate the loaded gun while struggling with the officers. He also testified that he considered using deadly force against D.P.H. because he felt his life was in danger. Based on D.P.H.'s past conduct, his possession of marihuana, his assault of two officers, and his possession of a loaded handgun, we cannot conclude that the trial court abused its discretion in determining that it was in D.P.H.'s best interests to be placed outside of his home. *See* TEX. FAM. CODE ANN. § 54.04(i); *In re K.J.N.*, 103 S.W.3d at 466.

**B. Reasonable Efforts to Prevent D.P.H.'s Removal from His Home**

The trial court was presented with evidence that D.P.H. had been referred to BCJPD for prior assaults and had twice been placed in alternative school for gang related behavior and possession of drug paraphernalia. Given this evidence and D.P.H.'s escalating pattern of violent behavior, the trial court did not abuse its discretion in determining reasonable efforts had been made to prevent D.P.H.'s removal from the home. *See* TEX. FAM. CODE ANN. § 54.04(i); *In re K.J.N.*, 103 S.W.3d at 466.

**C. D.P.H. Could Not Have Successfully Competed Probation in His Home**

At the time of his arrest, D.P.H. was living at home under the supervision of his parents. Yet, he was out after midnight in possession of marihuana and a loaded gun that was later determined to be stolen. Additionally, the officer assaulted by D.P.H. testified that D.P.H. lived in a neighborhood surrounded by criminal influences, and in the officer's opinion, D.P.H. could not be supervised and would be involved in another violent incident if placed on probation. The evidence supported the trial court's determination that D.P.H. would not receive the required care, supervision, and support in the home needed to comply with D.P.H.'s conditions of probation. *See* TEX. FAM. CODE ANN. § 54.04(i); *In re K.J.N.*, 103 S.W.3d at 466.

CONCLUSION

The trial court did not abuse its discretion by committing D.P.H. to the Texas Youth Commission. Accordingly, we affirm the trial court's judgment.

Rebecca Simmons, Justice